## THOS. DWYER V. CITY OF BRENHAM.

### (Case No. 2113.)

1. CITIES—CORPORATE POWERS NEED NOT BE PLEADED, WHEN—The corporate powers of a city chartered by a public law are known to the courts and need not be pleaded.

2. SAME—POWER TO CONTRACT FOR PRINTING ORDINANCES—CITY CHARTER—Where the charter of a city provides that all of its ordinances when printed, &c., shall be admitted in evidence in all courts, without proof, it contemplates the printing of the ordinances, and there is necessarily in such city an implied power to have its ordinances printed, when needed in the accomplishment of its corporate purposes, and also to contract to pay for such work. (Citing Dillon on Mun. Corp., sec. 89.)

3. SAME—CURRENT EXPENSES—CONSTITUTION, ARTICLE 11, SECTION 5—A debt contracted by a city for current expenses, is not within the class of debts contemplated in section 5, article 11, of the Constitution.

APPEAL from Washington. Tried below before the Hon. J. B. McFarland.

This suit was brought by Thomas Dwyer against the city of Brenham, on an express contract, to recover $23,752.52, for work and labor performed in printing and binding the ordinances of that city.

The petition alleged the incorporation of the defendant, but did not set forth its powers under its charter. The petition also alleged the terms of a contract by and between one W. P. Presley and the city of Brenham, whereby the former undertook and agreed to print and bind, in book form, for the latter, its ordinances; the performance of the stipulations of that contract, by Presley, on his part to be performed, its breach on the part of the defendant, and the subsequent transfer, for value, to plaintiff, of Presley's claim against the city, under the contract.

The defendant demurred to the petition, assigning as grounds:

1. That the alleged contract was *ultra vires*.

2. That the petition did not show that the city of Brenham had made, at the time the obligation sued on was created, provision, according to law, for its payment.

The city of Brenham was chartered by a public law, and its charter contains the following provision: "All ordinances of the city, when printed and published by authority of the city council, shall be admitted and received in all courts and in all places, without further proof."

The court sustained the defendant's demurrer and dismissed the petition. Plaintiff appealed.

*C. R. Breedlove*, for appellant, cited: Dillon on Mun. Corp., secs. 55, 58, 371.

*R. S. Tarver*, for appellee, on the questions discussed in the opinion, cited: City of Dallas *v.* Ross, 4 Tex. Law. Rev. 146; s. c. Willson's Civil Cases, sec. 279 ; City of Brenham *v.* Becker, W. & W. Cond. Rep., sec. 1244; Dillon on Mun. Corp., sec. 968; Const., art. 11, sec. 5; Charter of City of Brenham, art. 24, sec. 2.

ROBERTSON, ASSOCIATE JUSTICE.—As the city of Brenham is chartered by a public law, its corporate powers are known to the court and need not be pleaded. Section 1 of article 6 of the charter provides that "all ordinances of the city, when printed," &c., shall be admitted in evidence without proof. This section contemplates the printing of the ordinances.

The charter does not intend that the city shall own a printing establishment, and the legislature never expected the printing to be done without compensation, *pro bono publico.* The power to make a contract to pay for the printing was, therefore, necessarily implied. If the city needed printed copies of the charter, the occasion for them in the accomplishment of its corporate purposes, raises an implication of the power to have them printed. Dillon on Mun. Corp., sec. 89.

The debt contracted for, under the allegations of the petition, was in the nature of current expense, and not such debt as that contemplated in section 5, article 11, of the constitution. The record does not show that the appellee belongs to the class of cities mentioned in section 5.

It is very probable that the appellee is right in its construction of the contract actually made with Presley, but the pleading leaves no room for construction. It declares upon a demand manifestly in the jurisdiction of the district court.

The demurrer to the petition was improperly sustained, and the judgment dismissing the suit must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 23, 1886.]