CITY OF WICHITA FALLS, Appellant,

v.

L. J. & FRANCES STREETMAN et al., Appellees.

No. 18313.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 30, 1980.

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellant.

Banner, McIntosh & Dobbs and Jack Banner, Wichita Falls, for appellees.

Meier & Keller and William C. Meier, Euless, as amicus curiae.

## OPINION

SPURLOCK, Justice.

This is an appeal from a judgment declaring a city ordinance of the City of Wichita Falls void.

We affirm.

This is a suit for a declaratory judgment in which Plaintiffs seek a finding and holding that ordinance no. 3489 of the City of Wichita Falls is unconstitutional, void and for damages. This ordinance provided (stated in summary form), that no person could occupy as a dwelling or could park any mobile home outside an approved mobile park or mobile subdivision (with certain minor exceptions, such as an unoccupied mobile home parked or stored, mobile homes used as field offices during construction or mobile homes displayed for sale on mobile home sales lots). The effect of the ordinance was that no one could, outside of designated areas, use a mobile home as a dwelling any where in the city.

The case was tried before the court without a jury and judgment was rendered holding that said ordinance was null and void; but denied relief for damages. The City of Wichita Falls appealed.

In this opinion appellant will be referred to as "City" and appellees will be referred to as "Plaintiffs".

Plaintiffs contend that the City did not challenge *several findings* of fact which were sufficient to support the judgment, and that, therefore, the case should be affirmed.

It is undisputed that the City is a home rule city and does not have a comprehensive zoning ordinance. The City has asserted three points of error as follows:

"FIRST POINT.

"The error of the Trial Court in holding the ordinance void on the ground that it is an attempt to partially zone in direct opposition to Article 1011a, V.A.T.S.

"SECOND POINT.

"The error of the Trial Court in holding the ordinance void on the ground that the City cannot regulate the location of mobile homes through its police power.

"THIRD POINT.

"The error of the Trial Court in holding that the ordinance creates an artificial classification, not related to public health or safety."

The findings of fact and conclusions of law by the trial court are as follows:

"THE COURT FINDS the following FACTS to have been proven by a preponderance of the admissible testimony and evidence:

"1. The City of Wichita Falls, prior to April 10, 1979, had in effect Ordinance Number 2554, which is codified as Chapter 30 of the Code of Ordinances of the City of Wichita Falls.

"2. That on April 10, 1979, Wichita Falls suffered vast devastation by virtue of a mega tornado which caused the requirement of numerous emergency Ordinances to cope with the situation.

"3. The tornado of April 10, 1979 produced a critical shortage of safe and affordable housing in the City of Wichita Falls.

"4. The primary reason for the purchase of mobile homes is their affordability.

"5. That after passing numerous ordinances relating to the placement and use of mobile homes as habitations on a temporary basis, the City of Wichita Falls, on the 22nd day of May, 1979, passed Ordinance Number 3489 amending Sections of Chapter 30, Code of Ordinances of the City of Wicihta (sic) Falls, Texas.

"6. That no published notice was given in any newspaper of general circulation in the City of Wichita Falls either before the passage of such Ordinance nor prior to this trial.

"7. That the City of Wichita Falls had various Ordinances appertaining to the construction of mobile homes and the guying down of same homes.

"8. That the State of Texas heretofore starting in 1972 has controlled the construction of mobile homes and that such control, subject to federal laws, is still in existence and is controlled by Article 5221(f), V.A.T.S.

"9. That the United States of America, by and through its Congress, has likewise passed general laws applicable to the construction of mobile homes which is now currently controlled from July 1, 1976, by Title 42 U.S.C., Sec. 5401, et seq.

"10. The State of Texas has prescribed certain methods of guying and otherwise placing mobile homes on site.

"11. That the City of Wichita Falls has no comprehensive zoning ordinances as it is contemplated under Section 1011a, V.A.T.S.

"12. Mobile homes with aluminum skins are the most economical mobile homes.

"13. The City of Wichita Falls, Texas does not attempt in any manner to regulate or control the appearance of site-built housing by Ordinance, Building Code, nor denial of permit.

"14. Ordinance 3489 had as its enacting purpose the prohibition of placement of mobile homes in areas other than mobile home parks or subdivisions because of aesthetic considerations only.

"15. Ordinance 3489 prohibits, from its effective date, the occupancy or use of mobile homes as a habitation within any area of the city other than a mobile home park or subdivision.

"16. Many citizens of Wichita Falls, Texas, have in the past and now, occupy or use mobile homes as permanent habitations in areas of the City other than mobile home parks or subdivisions.

"17. Ordinance 3489 did not have as its enacting purpose the safety, health, or welfare of citizens so occupying or using mobile homes as permanent habitations in areas of the City other than mobile home parks or subdivisions.

"18. Ordinance 3489 forbids the occupancy or use of mobile homes as a habitation, whether on a temporary or permanent basis.

"19. The Ordinance unlawfully deprives some citizens of a legitimate use of their property, which is otherwise not restricted, as a location for a habitation in a mobile home.

"20. The City of Wichita Falls has, since the passage of Ordinance 3489 and based thereon, denied permits necessary for the installation of mobile homes in areas other than mobile home parks or subdivisions to some citizens while issuing permits for the same purpose to other citizens.

"21. Ordinance 3489 irreconcilably conflicts, in intent, purpose and effect, with other Ordinances enacted since April 10, 1979 providing for the use and occupancy of mobile homes as temporary habitations in areas other than mobile home parks or subdivisions.

"22. The City of Wichita Falls, Texas allows the use and occupancy of mobile homes as habitations on properties which it owns outside the city limits and not in mobile home parks or subdivisions.

"THE COURT FINDS, from reasonable inferences adduced from the testimony and evidence admitted, such other FACTS as are necessary to support this Judgment.

"The Court has reached the Conclusions of Law as follows:

"1. That both the State of Texas and the United States of America, by and through the statutes above mentioned, has effectively preempted the right of the City of Wichita Falls to pass Ordinances appertaining to the method of construction of mobile homes and guying down same and that such were done under the police power of the United States and/or the State of Texas and that any Ordinance passed by the City of Wichita Falls appertaining to structure and/or methods of placement is of no force and effect.

"2. That Ordinance Number 3489 acknowledges no existence of a comprehensive zoning ordinance and that it is an attempt to partially zone in direct opposition to Article 1011a, V.A.T.S.

"3. That the passage of Ordinance Number 3489 was not in procedural conformity with the manner and the method as prescribed by Article 1011a, V.A.T.S.

"4. The visual appearance or aesthetics of housing, otherwise constructed in

conformity with applicable Building Codes, is not a sufficient basis to constitute a legally legitimate purpose for the enactment of an Ordinance under a police power of a Home Rule city.

"5. Ordinance 3489 creates an artificial classification, not related to public health or safety, in its prohibition against the use or occupancy of a mobile home as a habitation in any location except a mobile home park or subdivision.

"6. Ordinance 3489 is not a retroactive nor ex post facto ordinance under Article 1, Sec. 10 of the United States Constitution and Article 1, Sec. 16 of the Texas Constitution.

"7. That Ordinance 3489 is and has been null, void and of no legal effect.

"8. Ordinance 3489 does not amount to an unconstitutional taking of Plaintiffs' property under Article 1, Section 16 and Section 19 of the Texas Constitution.

"Since the right of the citizen to use his property as he chooses so long as he harms nobody, is an inherent and constitutional right, the police power cannot be invoked for the abridgment of a particular use of private property, unless such use reasonably endangers or threatens the public health, the public safety, the public comfort or welfare. A law which assumes to be a police regulation but deprives the citizen of the use of his property under the pretense of preserving the public health, safety, comfort or welfare, when it is manifest that such is not the real object or purpose of the regulation, will be set aside as a clear and direct invasion of the right of property without any compensating advantages."

■ Finding of fact no. 6 is to the effect that no notice was given in a newspaper before the passage of such ordinance nor prior to trial. This finding is unchallenged and it is undisputed in the record that no such notice was given.

Tex.Rev.Civ.Stat.Ann. art. 1176b–1 (1963) provides that notices of ordinances prior to passage may be published as provided by the charters of such cities or as an alternative, may publish abbreviated description and describe the penalty.

Tex.Rev.Civ.Stat.Ann. art. 1011a (1963) provides that the city is empowered to regulate and restrict the location and use of buildings among other things. The ordinance here in question prohibits the use of buildings and land use. Tex.Rev.Civ.Stat. Ann. art. 1011d (1963), provides that no "restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an apportunity to be heard. At least 15 days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality."

In general, the rule requiring that any ordinance requiring a criminal penalty must be published in the newspaper. The ordinance in question provides for a fine of up to $200 for violation thereof.

We next look to the charter of the City to determine its requirements of publication. Section 37 of the charter of the City provides, among other things, that "[e]very ordinance prescribing a penalty for the violation thereof shall upon passage be published at least one time in the official newspaper of the city. . . ."

The courts have held that the provisions of the statute requiring notice are mandatory and an ordinance is void unless there has been a strict compliance with the statute. The trial court found that no such notice had been published. This finding is unchallenged by the city. *Bolton v. Sparks*, 362 S.W.2d 946 (Tex.1962). In *Texas Traction Co. v. Scoggins*, 175 S.W. 1128 (Tex.Civ. App.–Dallas 1915, writ ref'd), that court held that statutory and charter provisions requiring publication are mandatory and must be complied with for an ordinance to be effective.

■ 23 Tex.Jur.2d sec. 12 (1961) states the rule as follows, based upon the authorities it cites in support of the rule: "As a general rule, the courts must take judicial notice of the charters of the city of this state, including the charters and amendments thereto of home–rule cities, . . . .

*Dwyer v. City of Brenham*, 65 Tex. 526; *Greenway Parks Owners Assn. v. Dallas*, 159 Tex. 46, 316 S.W.2d 74, reh. den.; *Harris v. Port Arthur* (Tex.Civ.App.) 267 S.W. 349, err. dism'd; *City of Electra v. Taylor* (Tex.Civ.App.) 297 S.W. 496; *Parvin v. Byers* (Tex.Civ.App.) 16 S.W.2d 914, err. dism'd; *McDonald v. Doyschen* (Tex.Civ. App.) 28 S.W.2d 243; *Vernon v. Low* (Tex. Civ.App.) 158 S.W.2d 857."

Michol O'Connor, *Appealing A Nonjury Case*, The Houston Lawyer, (February–March, 1975), discusses the effect of not challenging a finding of fact. Each finding of the court is susceptible to challenge on two grounds: "legal sufficiency ('no evidence' or 'as a matter of law') and factual sufficiency ('insufficient evidence' or 'great weight') of the evidence." The author's conclusion is that "[a]ny unchallenged finding of fact, which will support the judgment will preclude a reversal of the case."

In *Kroger Company v. Warren*, 420 S.W.2d 218, 221 (Tex.Civ.App.–Houston [1st Dist.] 1967, no writ) that court held that where findings of fact are filed by the trial court "[i]t is necessary, however, that material findings of fact be challenged by appropriate points in appellants' brief or else the appellants are bound by the findings of fact. *Waters v. King*, 353 S.W.2d 326 (Tex. Civ.App., Dallas 1961); *Ferrier v. Caprock Machinery Company*, 350 S.W.2d 224 (Tex. Civ.App., Amarillo 1961); *Thompson v. Larry Lightner, Inc.*, 230 S.W.2d 831 (Tex.Civ. App., San Antonio 1950, ref., n. r. e.)."

We hold that ordinance 3489 is void.

In the event we err in our holding hereinabove, we have examined each point of error and overruled each.

Judgment affirmed.