**Claudia COHEN, Appellant,**

v.

**Roger Coleman SIMS, Appellee.**

**No. A14–91–00637–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1992.

Rehearing Denied May 28, 1992.

Shawn Casey, Houston, for appellant.

Earle S. Lilly, Leslie Werner de Soliz, Houston, for appellee.

Before SEARS, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Claudia Cohen, appellant, filed a motion to modify the child support provision of her divorce decree. The court of continuing jurisdiction heard the motion and granted an increase in child support. Appellant brings this appeal complaining the trial court 1) erred in sustaining, Roger Coleman Sims' (Sims) objection to the introduction of any evidence concerning lump sum and/or retroactive child support; 2) abused its discretion in not granting her trial amendment; 3) abused its discretion in failing to continue support for the eldest child until she graduates from high school; 4) abused its discretion in failing to order Sims to pay all costs of health and psychological treatment for his children; and 5) abused its discretion in awarding her only $4,550 in attorney's fees. Appellee has filed a single cross-point of error requesting sanctions against appellant for bringing a frivolous appeal. We affirm.

On July 26, 1990, appellant filed a motion to modify child support alleging that the needs of the children, Marjorie Monica Sims (Marjorie) and Laura Cameron Sims (Laura), had increased and that the income of Sims had substantially increased. The motion requested an increase in child support in the best interest of the children, and reasonable attorney's fees for appellant's attorney. Before the modification hearing, the parties entered into several stipulations which were made part of the record at the hearing. In the stipulations, appellant waived all motions filed regarding economic discovery and discovery regarding the past and present financial affairs of Sims. In return, Sims stipulated that he had "a positive economic change of circumstances" and "that he ha[d] the financial means to satisfy any reasonable order of this court for prospective child support, including lump sum or retroactive support (if ordered), as well as the means to pay any reasonable attorney fees award, if any, made by this court." Sims further stipu-

lated, "[t]o the extent that this court awards additional child support for the needs of the minor children (as well as other financial orders such as attorney fees), [he] would be estopped to claim inability or insufficient funds to pay such." The stipulation by Sims, however, specifically stated that he did *"not stipulate nor waive any defenses* to such child support increases, attorney fees, lump sum, or retroactive support," and "that the needs of the children are met by the present support order." The trial court, after examining the pleadings, and hearing the evidence and argument of counsel, found the material allegations pertaining to support in appellant's motion were true. The court ordered support for both children increased from a total of $900 a month to $2,500 a month until June 30, 1991, the month of Marjorie's graduation from high school. Beginning July 1, 1991, the court reduced support to $1,500 a month until Laura reaches the age of 18 years, graduates from high school, marries, dies or is otherwise freed from disability or emancipated. The court ordered Sims, for as long as child support is payable, to maintain and pay 100% of the cost for major medical and health insurance for the children, and to pay 50% of any unreimbursed health care expenses including medical, dental, and orthodontic expenses. The trial court also ordered Sims to pay appellant's attorney $4,550 in fees.

There were twenty findings of fact and five conclusions of law filed by the trial court in this case. These findings of fact are not conclusive in this appeal because a statement of facts appears in the record. *Kroger Co. v. Warren*, 420 S.W.2d 218, 221 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ) (citing *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156 (1950)). "It is necessary, however, that material findings of fact be challenged by appropriate points in appellant['s] brief or else the appellant[] [is] bound by the findings of fact." *Id. See City of Wichita Falls v. Streetman*, 607 S.W.2d 644, 648 (Tex.Civ.App.—Fort Worth 1980, no writ). The court's findings of fact are "susceptible to challenge on two grounds: 'legal sufficiency ... and factual

sufficiency ... of the evidence.'" *City of Wichita Falls*, 607 S.W.2d at 648 (quoting MICHOL O'CONNOR, *Appealing a Nonjury Case*, THE HOUSTON LAWYER, Feb.–Mar. 1975).

In this case, appellant does not challenge any of the trial court's findings of fact on either of these two grounds. Therefore, "[a] detailed discussion of the evidence as applied to the fact findings ..." is not required. *Kroger Co.*, 420 S.W.2d at 221. "Any unchallenged findings of fact which will support the judgment will preclude reversal of the case." *Gable v. Wood*, 622 S.W.2d 884, 885 (Tex. App.—Fort Worth 1981, writ dism'd).

In point of error one, appellant complains the trial court erred when it sustained Sims' objection to her introduction of evidence concerning retroactive and/or lump sum child support. Appellant alleges the trial court has broad discretion in setting child support, and retroactive and lump sum child support are allowed by the Family Code. *See* TEX.FAM.CODE ANN. §§ 14.-05(a), 14.08(c)(2) (Vernon Supp.1992). She argues that there is no requirement in the Family Code that she specifically plead the relief she is seeking, in order for the trial court to grant such relief.

The record reveals that the trial court sustained Sims' objection to evidence of retroactive child support. As to Sims' objection to evidence of lump sum child support, however, the trial court stated "I shall consider it. Move on." During final argument the trial court stated it was "not even considering" making an award of lump sum support. Therefore, appellant's complaint as to lump sum support is not well founded. At the end of the evidence the court determined, within its discretion, that lump sum support was not called for in this case.

We agree with appellant that the trial court has broad discretion in these matters. *Hoffman v. Hoffman*, 805 S.W.2d 848, 851 (Tex.App.—Corpus Christi 1991, writ denied). Nonetheless, simply because the trial court did not exercise its discretion in appellant's favor is not a reason for this court to reverse the trial court.

The trial court's decision will not be overturned unless a clear abuse of discretion is shown. *Id.*

Additionally, appellant is correct that the rules of pleading and practice are not of primary concern in child custody and support cases, the best interest of the child is the primary concern. *White v. Adcock*, 666 S.W.2d 222, 226 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex.App.—Corpus Christi 1976, no writ); TEX.FAM.CODE ANN. § 14.07(a) (Vernon Supp.1992). We disagree, however, that because Sims stipulated he would not raise the defense of financial inability or insufficient funds to pay additional child support, the trial court was required to hear evidence on retroactive support. The stipulation of the parties included the statement that Sims was not waiving any defenses to "lump sum, or retroactive support" and "the needs of the children" were met by the support order currently in force. The trial court could have reasonably determined that retroactive child support was not necessary in this case. In its findings and conclusions, the trial court concluded that its actions were in the best interest of the children based on the unchallenged findings of fact. We overrule appellant's point of error one.

In point of error two, appellant contends the trial court abused its discretion in refusing to grant her requested trial amendment as to retroactive child support. Appellant alleges that Sims could not show surprise or hardship as to the amendment because of the stipulation made by the parties. Point of error two contains no case law to support appellant's position.

The stipulation stated that Sims did not waive any defenses to child support increases, attorney fees, lump sum, or retroactive support, other than the fact that he had the financial ability to pay a reasonable increase in child support. We fail to understand how a party making a stipulation as to financial ability, but wisely protecting his interests by stating that he did not waive any defenses as to any other possible basis of support, has somehow indicated an

awareness that appellant was seeking all of these. Knowledge of the bases of support that appellant might seek, does not indicate that Sims was aware appellant was actually seeking that basis of support. Further, the trial court could reasonably have determined that retroactive child support was not necessary in this case; and the trial court did conclude that its actions were in the best interest of the children based on the unchallenged findings of fact. We find no abuse of discretion. Appellant's point of error two is overruled.

■ In point of error three, appellant alleges the trial court abused its discretion in failing to continue support for the eldest child until she graduated from high school. Appellant argues that this is contrary to section 4.02 and requires reversal. *See* TEX.FAM.CODE ANN. § 4.02 (Vernon Supp. 1992).

The evidence at the hearing clearly showed Marjorie, the eldest child, would turn 18 years of age in April 1991 and would graduate from high school in June 1991. The trial court ordered child support to continue at $2,500 until July 1, 1991, making the support effective through the end of the school year in which Marjorie was to graduate from high school as permitted by statute. TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1992). Appellant filed a motion for new trial stating Marjorie had not graduated from high school as anticipated. Attached to the motion for new trial was an undated letter from Marjorie's high school counselor, stating she needed to stay in school through a summer and fall semester. There are no dates in the letter revealing which summer and fall semesters the counselor is talking about. The trial court was presented no competent evidence on which to base a decision about extending the child support payments and it must be presumed the trial court disregarded any incompetent evidence. *Nafi-cy v. Braker*, 642 S.W.2d 282, 285 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The trial court properly overruled the motion as to this complaint.

■ Section 4.02 does state that "[e]ach parent has the duty to support his or her child during the period that the child is a minor, and thereafter so long as the child is fully enrolled in an accredited secondary school program leading toward a high school diploma until the end of the school year in which the child graduates." TEX. FAM.CODE ANN. § 4.02 (Vernon Supp.1992). However, "[t]his does not mean ... that the court must divide the burden of support of the minor children equally between the parties," *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ), and the mother as well as the father has a duty to support her children. Further, the language of section 14.05 clearly makes the date to which periodic support payments extend discretionary with the trial court. TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1992). The statute states "the order for periodic support may provide that payments continue until the end of the school year in which the child graduates." *Id.* In the unchallenged finding of fact number 14 the trial court found Marjorie would graduate from high school prior to July 1, 1991. There was no abuse of discretion in this case. We overrule appellant's point of error three.

■ In point of error four, appellant argues the trial court abused its discretion in failing to order Sims to pay all costs of health and psychological treatment for his children. Appellant alleges that because Sims stipulated financial ability he should pay all physical and mental health expenses for the children.

In its unchallenged findings of fact, the court found that the increases in support were sufficient to satisfy the needs and lifestyle of both minor children, and that Sims is capable of providing additional support for the children. Based on its findings of fact, the court concluded that both parents owe a duty of support to the children. The family code provides that each parent "has the duty to support the child, including providing the child with clothing, food, shelter, medical care, and education." TEX. FAM.CODE ANN. §§ 4.02, 12.04(3) (Vernon Supp.1992). *See White*, 666 S.W.2d at 225. Additionally, the trial court did order Sims to pay 100% of the premiums to maintain

major medical and health insurance on the children, and to pay 50% of all uninsured medical costs for the children.

The evidence at the hearing established that Sims had voluntarily contributed to his children's needs, medical and otherwise, beyond what was originally ordered. Appellant's own testimony showed that Sims payed 100% of Laura's orthodontic costs, had paid 100% of all except two or three uninsured medical bills even though he was under court order only to pay 50% of these expenses, and had never paid less than his court ordered portion on any expenses. "A parent who freely takes responsibility for his or her children should be encouraged." *White*, 666 S.W.2d at 226. Further, appellant's testimony established that since the previous modification hearing, the children had not been for psychiatric counseling until a few days before the instant hearing. The children had been sent to an unlicensed psychotherapist, appellant did not know *what the counseling concerned*, and there was no evidence presented as to why the children would need such counseling. The record as a whole does not reflect that the refusal to order Sims to pay 100% of the children's medical costs and psychiatric counseling was an abuse of discretion. We overrule appellant's point of error four.

■ In point of error five, appellant complains the trial court abused its discretion in limiting its award of her attorney's fees and costs by $3,635.05. Appellant argues that because Sims made the stipulation of financial ability to pay, the trial court was required to award the full *$8,185.05 in fees and costs on which she* offered evidence.

■ Appellant correctly states that section 11.18 provides "[in] any proceeding under this subtitle ... the court may award costs. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney...." TEX.FAM. CODE ANN. § 11.18(a) (Vernon 1986). The trial court concluded that the $4,550 it awarded appellant in attorney's fees was reasonable. Absent a showing of an abuse of discretion, this Court is unable to reverse the trial court's decision on attorney's fees. *City of Houston v. Harris County Outdoor Advertising Ass'n*, 732 S.W.2d 42, 56 (Tex.App.—Houston [14th Dist.] 1987, no writ); *White*, 666 S.W.2d at 226.

The record establishes that appellant's attorney testified he had been licensed in the State since 1975, was familiar with the usual and customary fees charged for a modification action, was charging appellant an hourly rate plus expenses, and had expended a total of 45.75 hours. Interestingly, appellant's attorney testified at the hearing that he was charging $175 per hour but in his brief to this Court he has stated he was charging $150 per hour. He further stated that appellant had already paid him $450 in fees and his expenses were just under $200. His testimony was controverted by the testimony of Sims' attorney. Sims' attorney stated he had been licensed to practice in the state since 1965 or 1966, he felt the hourly rate of $175 was reasonable, the total number of hours was very unreasonable, the case was void of any time consuming extenuating circumstances, the total reasonable number of hours would be 25 and the total reasonable fee would be $3,000 to $4,000. We find no abuse of discretion in the trial court's award of $4,550 in attorney's fees to appellant. Appellant's final point of error is overruled.

As to appellee's sole cross-point of error, asking this Court to impose sanctions on appellant for bringing a frivolous appeal for purposes of delay and without sufficient cause, we find no merit in this contention. Appellee's cross-point of error is overruled.

The judgment of the trial court is affirmed.