**Robert Merce CAPELLO, Jr., Appellant,**

v.

**Mary (Guevara) CAPELLO, Appellee.**

No. 04–95–00480–CV.

Court of Appeals of Texas, San Antonio.

March 27, 1996.

Richard J. Gonzalez, Laredo, for Appellant.

Mary Guevara Capello, Assistant District Attorney, Laredo, for Appellee.

Before LÓPEZ, STONE, and DUNCAN, JJ.

LÓPEZ, Justice.

Appellant, Robert Capello, Jr., challenges the trial court's order in which his ability to appoint a competent adult to transport his child for visitation was limited to family members only. We affirm the trial court's judgment.

Mary Capello and Robert Capello were divorced in 1991 and Mary Capello was designated as managing conservator of their child. In 1994, appellant moved from Laredo, Texas, where the child resides with his mother, to Houston, Texas, and filed a motion to modify the possession order. Appellant's parents also intervened, requesting visitation rights co-extensive with appellant's visitation. The only issue the parties were unable to agree on was who could be designated to pick up and drop off the child for the visitation periods. The trial court allowed appellant to designate members of his immediate family (parents and siblings), but refused appellant's request to designate his girlfriend and the girlfriend's family members. The judgment allows:

> (6) [T]he possessory conservator and/or the paternal grandparents may designate each other or any one of the possessory conservator's brothers to pick up and return the child, as applicable; a parent or a designated competent adult from the ones mentioned above shall be present when the child is picked up or returned by the managing conservator. If the possessory conservator remarries, the possessory conservator may designate his wife to pick up and return the child, as applicable.

In his sole point of error, appellant contends that the trial court erred in restricting his designation of competent adults to pick up and return the child. He asserts that the provisions in the Family Code allow that "either parent may designate a competent adult to pick up and return the child; ..." TEX. FAM.CODE ANN. § 153.316(6) (Vernon Supp.1996).

The trial court is afforded wide discretion in determining issues of child visitation. *Wright v. Wright,* 867 S.W.2d 807, 815 (Tex.App.—El Paso 1993, writ denied); *see also Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982). The trial court's decision will not be overturned absent a clear showing that the court abused its discretion. *Gilles-*

*pie,* 644 S.W.2d at 451; *Wright,* 867 S.W.2d at 815. An abuse of discretion is found when the trial court has acted without reference to any guiding rules or principals. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The trial court's first consideration in a suit affecting the parent-child relationship is the best interest of the child. TEX.FAM.CODE ANN. § 153.002 (Vernon Supp.1996); *Hirczy v. Hirczy,* 838 S.W.2d 783, 785 (Tex.App.—Corpus Christi 1992, writ denied); *Cohen v. Sims,* 830 S.W.2d 285, 288 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The trial court may place conditions on visitation, if it finds such conditions are necessary for the best interest of the child. *MacCallum v. MacCallum,* 801 S.W.2d 579, 586 (Tex.App.—Corpus Christi 1990, writ denied).

At the hearing to determine the sole issue of designating competent adults to transport the child, both appellee and appellant testified.

Appellee expressed concern for her son's safety if the court allowed "any competent adult" other than family members to transport her child. She admitted that she had met appellant's girlfriend one time, but did not know the girlfriend's mother or sister. Appellee asserted that even if appellant advised her in advance of the name of the person designated to pick up the child, she would be concerned if it was someone she did not know personally. She felt it would be confusing and disruptive for her five-year-old child. She also noted that her son had been mistreated by appellant's girlfriends in the past. Appellee agreed that appellant's family members should be allowed to transport the child and also agreed to visitation with the paternal grandparents co-extensive with appellant's visitation.

Appellant testified that because he was unable to designate certain adults to transport his son, he had been forced to use sick leave and compensatory time at work. He stated that his son was well acquainted with his girlfriend and the girlfriend's family because they often stayed overnight with the family in Laredo. Appellant requested that his girlfriend and the girlfriend's mother and sister be designated to transport the child so that someone in Laredo could pick up the

child at 6:00 p.m. when his visitation time commenced. He could then arrive from Houston later, as his work schedule allowed.

 We find that the trial court acted within its discretion in designating only appellant's parents and siblings to pick up and return the child. The trial court, in considering the best interest of the child, had the discretion to weigh and compare appellant's inconvenience with the safety and well-being of the child. *See Wright,* 867 S.W.2d at 815. There was adequate evidence of concern for the child's interests to support limiting the adults designated to transport the child. *MacCallum,* 801 S.W.2d at 586. We do not find it unreasonable that the trial court would rule in favor of the appellee's request that the child be transported by only family members or adults with whom appellee is personally familiar. Therefore, the trial court did not abuse its discretion in designating only appellant's parents, brothers, and any future spouse, based on the best interest of the child. *See Worford,* 801 S.W.2d at 109; *Gillespie,* 644 S.W.2d at 451; *Wright,* 867 S.W.2d at 815.

Appellant's sole point of error is overruled and the trial court's judgment is affirmed.