**In the Interest of Allison J. MACALIK and Alexandra D. Macalik, Minor Children.**

No. 06–98–00166–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 11, 1999.

Decided Dec. 6, 1999.

Rehearing Overruled Feb. 15, 2000.

Lorin M. Subar, Dallas, for appellant.

Tom Quinones, Haltom City, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Judy Thompson, formerly Judy Macalik, appeals from a district court order modifying child support, visitation rights, and other obligations prescribed in the decree granting a divorce between Thompson and her former husband, Frank Macalik. The original decree named Thompson as sole managing conservator of the parties' children, Allison and Alexandra Macalik. It named Frank Macalik as the possessory conservator, and ordered him to pay $700.00 per month child support. The decree contained the standard visitation provisions, with some minor adjustments.

In February of 1997, Thompson filed a motion to modify child support and for sanctions against Macalik. Macalik answered, and both Thompson and Macalik subsequently filed amended pleadings. In Thompson's amended motion, she alleged that the provisions of the prior decree, because of a change in circumstances, had become "unworkable and inappropriate," and she expressly referred to her alleged agreement with Macalik that he would pay for part of the cost of the children's attendance at Dallas Christian School. Macalik's amended answer contained his own motion to modify, which alleged that Thompson had violated numerous provisions relating to the visitation and custody

of the children. He prayed for a modification to place the custody of the children jointly in him and Thompson, for a reduction in child support, for a modification of the existing visitation schedule, and for other modifications.

The trial court severed Thompson's claim for enforcement of Macalik's alleged agreement to share the private school costs, and then the court rendered judgment modifying the divorce decree in several respects. Thompson challenges the modifications on the grounds that they were not pleaded, and that they are not supported by sufficient evidence or are negated by conclusive evidence.

■■■ We will first deal generally with the pleadings issue. Thompson takes the position that the specific modifications must have been requested in some pleading in order to provide her with notice of the controverted issues to be decided and to afford her due process. Due process requires that a litigant be given fair notice of the issues that will be decided in the litigation. *See Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983). But our courts have long held that in cases affecting the parent/child relationship, when the best interest of the child is always the overriding consideration, technical rules of pleading and practice are of little importance, and fair notice is afforded when the pleadings generally invoke the court's jurisdiction over custody and control of the children. *Leithold v. Plass,* 413 S.W.2d 698 (Tex.1967). In *Leithold* our Supreme Court stated:

> It is beside the point that … the trial court, whether erroneously or not, construed the pleadings of petitioner as seeking only a modification of visitation rights; the point is that once the child is brought under its jurisdiction by suit and pleading cast in terms of custody and control, it becomes the duty of the court in the exercise of its equitable powers to make proper dispositions of all matters comprehended thereby in a manner supported by the evidence.

*Leithold v. Plass,* 413 S.W.2d at 701; *see also* TEX. FAM.CODE ANN. § 153.002 (Vernon 1996); *Cohen v. Sims,* 830 S.W.2d 285, 288 (Tex.App.-Houston [14th Dist.] 1992, writ denied); *Barrow v. Durham,* 574 S.W.2d 857 (Tex.Civ.App.-Corpus Christi 1978), *aff'd,* 600 S.W.2d 756 (Tex.1980).

Here, the pleadings of both parties invoked the jurisdiction of the court over the matters of child support, custody, and control. In addition, they both alleged that the scheme of custody, control, and visitation had become unworkable and inappropriate because of a change in circumstances. We conclude that both parties had fair notice of the issues that were to be decided, and that the pleadings were sufficient to support the modifications made by the trial court.

■■■ Thompson's evidentiary challenges are leveled at four modifications made by the trial court. The first challenge is to the trial court's order for a change in the counselor for the children from Susan Stacy to some agreed counselor who would be covered by Macalik's insurance. There is sufficient evidence to support this change. There was evidence that the parties could not afford to pay Stacy's fees and that she could not be paid by Macalik's insurance, but that if a counselor approved by Macalik's insurance was engaged, the insurance would pay a substantial part of the cost. The court was justified in ordering a change for this reason.

■■■ Thompson also challenges the sufficiency of the evidence to support the court's modification to allow Macalik to have the children for overnight visits on Wednesdays. The original decree did not allow such overnight visits because at the time it was rendered, Macalik was working weeknights and he could not keep the children overnight for that reason. Macalik testified that he was no longer working on weeknights and that he could now accommodate a Wednesday overnight visit. The standard child visitation order presumes that a Wednesday overnight visit is in the

best interest of the children, and the court was justified in making this change if she believed that Macalik no longer had an impediment to such visits. Thompson produced evidence indicating that Macalik was still receiving pay for night work, but the trial court was authorized to believe Macalik's positive testimony and to resolve this conflict in the evidence.

■ Thompson also challenges the sufficiency of the evidence to support the court's modification of the provision that Macalik must take the children to Thompson's church when he has possession of them. There was testimony from the counselor and from Macalik that requiring Macalik to take the children to their mother's church during the time he had possession of them was disruptive to the children and was not in the best interest of the children. We find this evidence sufficient to support the court's modification that Macalik be relieved of the former requirement concerning the church attendance at Thompson's church.

■ Thompson contends that the provision about church attendance violates her right to determine the religious training for her children which is granted by TEX. FAM.CODE ANN. § 153.132 (Vernon 1996). We disagree. That section does not contain any provision concerning religious training. Moreover, Section 153.132 prescribes the rights of sole managing conservators, "[u]nless limited by court order." TEX. FAM.CODE ANN. § 153.132 (emphasis added).

■ Thompson contends there is insufficient support in the evidence for the court's modification of the visitation schedule to require Thompson to pick up the children at Macalik's residence except when his visit ends at the beginning of school. There was considerable testimony regarding the pick-up and drop-off times for the visitation schedule, particularly about the times that Macalik, because of his work schedule and traffic congestion, would be unable to return the children to Thompson at exactly the time scheduled. We have no specific finding of fact by the trial court on this issue, and none was requested. In that case we presume that the court found all facts in support of its judgment, if those findings are supported by the evidence. We thus presume that the trial court adjusted the pick-up provisions in an attempt to avoid delays and confrontations among the parties regarding lateness. We will not second-guess the court's decision in this regard, and we hold that she was authorized under the evidence to make this modification of the visitation schedule.

Macalik contends the modification of the pick-up schedule is mandated by the standard visitation order, citing the amended version of TEX. FAM.CODE ANN. § 153.316(3)(B)(i) (Vernon Supp. 2000). The amended version of that section, however, did not become effective until September 1, 1997, which was after the hearing in this case. Nevertheless, we hold that the trial court's modification in this regard is supported by sufficient evidence.

■ In another challenge to the judgment, Thompson contends that the trial court erred in failing to render a money judgment for child support arrearage. Her challenge, however, does not pertain to unpaid child support payments, but to Macalik's alleged failure to pay one half of the health care costs for the children that were not covered by insurance. We are unable to find in the record where Thompson made proof of the alleged amounts she claims to be due. As she has failed to prove the amount to which she claims to be entitled, she has shown no error.

■ Finally, Thompson contends that the court erred in setting the child support because the court used an incorrect gross income for Macalik and disregarded the needs of the children. We reject this contention. The trial court actually raised the child support from $700 per month to $932 per month. There was conflicting evidence as to Macalik's earnings. Without

attempting to detail the evidence, we find that the trial court's setting of child support is supported by sufficient evidence and is not an abuse of discretion.

For the reasons stated, we affirm the judgment of the trial court.