## In re R.D.Y., a child.

### No. 01–0664.

Supreme Court of Texas.

June 6, 2002.

Steve Bavousett, Martin J. Grimm, Rhymes & Ross, Houston, for other.

Robin Denise Etie, pro se.

Walter P. Mahoney, Jr., Pasadena, for petitioner.

David M. Eisen, Houston, W. Stephen Scott, Dennis Martin, Jerry L. Weinstein, Weatherford, for respondent.

Justice HECHT, joined by Justice OWEN and Justice JEFFERSON, dissenting from the denial of the motion for rehearing of the denial of the petition for review.

The issue raised by this petition for review is whether, or under what circumstances, it is permissible for a court to order that a parent's possession of a child is solely at the discretion of a managing conservator. Because this is an important, recurring issue over which the courts of appeals are in disagreement, I would grant the petition.

Father, joined by the child's maternal grandmother ("Grandmother"), moved to modify an order appointing Mother sole managing conservator of their son. The trial court appointed Father, Mother, and Grandmother all three joint managing conservators of the child, made Grandmother the primary custodian, gave Father standard visitation, and limited Mother's visitation "to the sole discretion of [Grandmother] to determine that [Mother] is mentally and physically capable of properly exercising her visitation with [the child]." [1] The evidence is accurately recited in the court of appeals' opinion.[2] Suffice it to say that the trial court had ample reason to make Grandmother the child's principal custodian and to restrict Mother's possession of the child. The issue is whether the court can delegate to Grandmother the determination of exactly what access Mother will have to the child. The court of appeals concluded that the limitation was within the trial court's authority and discretion, and that "[i]f Grandmother abuses her *power* to evaluate whether or not Mother is in an appropriate condition to visit with Child, Mother can file another Motion to Modify." [3]

The courts of appeals do not agree that a managing conservator can be given such "power". The Sixth Court of Appeals has refused to follow the decision in this case,[4] choosing to rely instead on its prior deci-

---

1. 51 S.W.3d 314, 317, 322 (Tex.App.-Houston [1st Dist.] 2001) (characterizing the trial court's order).

2. *Id.* at 318–320.

3. *Id.* at 324 (emphasis added).

4. *In re A.P.S.,* 54 S.W.3d 493, 497–499 (Tex. App.-Texarkana 2001, no pet.).

sion in *In re Walters*.[5] There, it reasoned that giving a parent possession of a child only when both parents agree may well be tantamount to denying all possession, if the other parent fails to agree, and in any event is "somewhat incongruent" with an appointment of the parent as a managing or possessory conservator of the child, which at least implies some specified right of access.[6] In the present case, amicus curiae, Professor James W. Paulsen, also argues that giving a managing conservator of a child sole discretion to determine visitation and possession is an impermissible delegation of the trial court's authority and may also have the effect of shielding the decision from any meaningful appellate review. On the other hand, it may be as respondent argues that ordering a parent's visitation to be at the discretion of a managing conservator, subject to judicial reexamination in a proceeding on the parent's motion to modify, is both authorized and appropriate in certain circumstances.

The Fifth Court of Appeals, in an unpublished opinion, has taken essentially the same position as the First Court of Appeals in this case.[7] Besides the Sixth Court of Appeals, the Ninth,[8] Thirteenth,[9] and Fourteenth[10] Courts of Appeals appear to have a different view. One respected commentator on family law issues has noted the inconsistency of appellate decisions in this area and the significance of the issue.[11] I would hear argument and decide the issue.

---

**5.** 39 S.W.3d 280 (Tex.App.-Texarkana 2001, no pet.).

**6.** *Id.* at 285–288.

**7.** *Sedgwick v. Sedgwick*, No. 05–01–00711–CV, 2002 WL 651607 (Tex.App.-Dallas Apr.22, 2002, no pet. h.) (not designated for publication).

**8.** *In re Lemons*, 47 S.W.3d 202, 206 (Tex.App.-Beaumont 2001, orig. proceeding).

**9.** *Thompson v. Thompson*, 827 S.W.2d 563, 570 (Tex.App.-Corpus Christi 1992, writ denied).

**10.** *Ioannidis v. Loannidis*, No.14–95–01477–CV, 1997 WL 96617 (Tex.App.—Houston [14th Dist.] March 6, 1997, no pet.) (not designated for publication); *Roosth v. Roosth*, 889 S.W.2d 445, 452 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

**11.** David N. Gray, *When It's Not Black or White, Only Shades of Gray–Significant Decisions* 8–9 (State Bar of Texas Family Section 27th Annual Advanced Family Law Course Aug. 6–9, 2001) (available by subscription at http://www.texasbarcle.com/publications/ArticleArchives.asp).