Opinion filed March 16, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                             No.
11-05-00180-CV 

                                                                    __________

 

                             IN THE INTEREST OF
H.A.P. AND B.D.P., CHILDREN

 

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry
County, Texas

 

                                                   Trial
Court Cause No. 19,869

 



 

                                             M
E M O R A N D U M  O P I N I O N 

Reggie and Tammy Price are the parents of H.A.P
and B.D.P. Reggie and Tammy were divorced in July 2000.  In the agreed divorce decree, Reggie, Tammy,
and Reggie=s parents
Jesse and Diane Price were named joint managing conservators.  Everyone agreed to the arrangement to
safeguard the children from Reggie=s
abuse of alcohol.  The trial court
specified in the divorce decree that Reggie was allowed to have possession of
the children only when Reggie=s
parents had possession of the children. 
The agreed divorce decree named Tammy as the conservator who had the
right to establish the residence of the children.  All parties lived in West Texas until January
2004, when Tammy moved to Austin.








In January 2005, Tammy filed a motion to modify
the parent-child relationship seeking to remove the children=s grandparents as joint managing
conservators.  The grandparents
cross-petitioned and filed a motion for contempt and enforcement against Tammy
and a motion to modify in which they requested to be the managing conservators
with the right to establish the children=s
residence.  The trial court denied the
grandparents= petition
and granted Tammy=s.  The grandparents were removed as managing
conservators.  The trial court ordered
that Reggie=s
visitations be supervised by his parents. 
The trial court specified that the children=s
visitation with Reggie would begin and end in Brownwood, that one of Reggie=s parents or a competent adult would be
present when the children are picked up or dropped off for visitation, and that
the visitation would be in the presence of Reggie=s
parents or with their consent.  We
affirm.

On appeal, Reggie requests that this court vacate
the trial court=s order
requiring supervised visitation with his children and remand the case to the
trial court to remove his parents from their supervisory role.  In his brief, he argues that his parents are
refusing to obey the order and that the order, as entered, is not enforceable
because the order contains conflicting provisions. 

A party asserting error on appeal bears the burden
of showing that the record supports the contention raised and of specifying the
place in the record where matters upon which he relies or of which he complains
are shown.  Sisters of Charity of the
Incarnate Word, Houston, Texas v. Gobert, 992 S.W.2d 25, 31 (Tex. App.CHouston [1st Dist.] 1977, no
pet.).  If this burden is not met, the
party waives the issue.  Id.  Tex.
R. App. P. 38.1(h) requires that a brief Acontain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@  Reggie has not cited any part of the record
which supports his contention; and, after reviewing the entire record, we found
no evidence to support his argument. Although Reggie=s
parents submitted a letter to this court, an appellate court cannot consider
documents if they are not formally included in the record on appeal.  Green v. Kaposta, 152 S.W.3d 839, 841
(Tex. App.CDallas
2005, no pet.).  From the record, we know
of no other proceeding that was held after Tammy=s
motion to modify was granted.  Reggie
waived his sole issue.

Although Reggie failed to cite to the record as to
his sole issue on appeal, we note that he did provide some argument, record
references, and legal authority relevant to his contention that the trial court
abused its discretion in entering its order requiring that Reggie=s parents be present during visitation
with him.








The best interest of the child shall always be the
primary consideration of the court in determining the issues of conservatorship
and possession of and access to the child. 
Tex. Fam. Code Ann. ' 153.002 (Vernon 2002).  A trial court=s
order modifying a joint managing conservatorship will not be disturbed on
appeal unless the complaining party can show a clear abuse of discretion.  Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982).  The test for abuse of
discretion is whether the trial court acted without reference to any guiding
rules or principles or whether the act was arbitrary or unreasonable. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985).   

The public policy
of this State is to ensure continuing contact with those parents Awho have shown the ability to act in the best interest
of the child.@  Tex.
Fam. Code Ann. '
153.001 (Vernon 2002).  The trial court
may place conditions on visitation if they are necessary for the best interest
of the child.  In re R.D.Y., 51
S.W.3d 314, 324 (Tex. App.CHouston
[1st Dist.] 2001, pet. denied); Capello v. Capello, 922 S.W.2d 218, 220
(Tex. App.CSan
Antonio 1996, no writ).  Restrictions or
limitations on a parent=s
right to possession Amay
not exceed those that are required to protect the best interest of the child.@ 
Tex. Fam. Code Ann. ' 153.193 (Vernon 2002).  We note that the record contains neither
findings of fact nor conclusions of law. 
Thus, it is implied that the trial court made all necessary findings of
fact to support its judgment.  In re
A.D.H., 979 S.W.2d 445, 448 (Tex. App.CBeaumont
1998, no pet.); Thompson v. Thompson, 827 S.W.2d 563, 567 (Tex. App.CCorpus Christi 1992, writ denied).

At the hearing on the motion to modify, Reggie=s mother and Tammy both testified as to
Reggie=s
drinking problem.  There is also evidence
in the record that Reggie has been in and out of rehabilitation for alcohol
abuse.  The record shows that Reggie=s drinking problem was the paramount
reason the grandparents were named joint managing conservators in the agreed
divorce decree.  We conclude that the
trial court did not abuse its discretion by imposing the condition of
supervision on Reggie=s
possession of the children to ensure that he would not drive or visit with his
children under the influence of alcohol. 
By imposing a less restrictive alternative than denying him possession
altogether, the trial court=s
order fosters the policy that the children have contact with both parents so
long as it is in the children=s
best interest.

The order of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

March 16, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.