**In the Matter of M.A.H. and S.J.B., Children.**

No. 06–06–00081–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 17, 2007.

Decided May 16, 2007.

Rehearing Overruled June 12, 2007.

Michael E. Jarrett, Bain, Files, Jarrett, Bain & Harrison, PC, Tyler, for appellant.

Brandon Baade, Attorney At Law, Quitman, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Kerri Hass, the mother of M.A.H. and S.J.B., the two children at bar, appeals from an order granting custody of these children to Judy Thorn, the grandmother of the children.

The record on this matter is rife with uncertainty and confusion. On her appeal, Kerri designated that the record on appeal in cause number 95–248 on the docket in the 402nd Judicial District Court of Wood County, Texas (the case from which this appeal was taken), was to include only documents filed after January 1, 2005. The docket sheet shows cause number 95–248 was originally a divorce action between Kerri Sue Hass and Marcus Wayne Hass. The first pleading or order included in the record is a child support enforcement order involving two other children of Kerri (who have both now attained their majority), who were fathered by a different father from either of the children in this appeal.[1] The initial pleadings filed by Thorn which deal with M.A.H. recite that the District Court of Wood County, Texas, acquired jurisdiction over M.A.H. in cause number 92–234 on the docket of that court, but the cause number on the heading is marked out and cause number 95–248 is handwritten in. A separate petition filed simultaneously by Thorn regarding S.J.B. alleges that no court had previously acquired jurisdiction over that child; the previous docket number assigned to the motion relating to her was likewise marked out and it was also filed in cause number 95–248. The record does not reveal why M.A.H. (whose father is Marcus Wayne Hass) and S.J.B. (whose father is Joseph Michael Baker) are the subject of only one action.

The reporter's record shows that there was a hearing held in this matter January 6, 2006–a hearing attended by Thorn, Thorn's attorney, Marcus, and the attorney ad litem who had been appointed to represent Kerri (who had been cited by publication). Marcus had also filed a waiver of service. This was the only hearing on the merits conducted in this matter. At the outset of that hearing, Thorn's attorney pointed out that the fathers of the children were in agreement with Thorn's course of action and that an order would be circulated among them to be presented to the trial court at a later time. During this hearing, it was indicated by Thorn that she had made numerous unsuccessful attempts to achieve personal service citation upon Kerri and detailed those efforts; she also testified concerning the best interests of the children the subject of the suit, relating that S.J.B. had suffered violence at the hands of Kerri and her boyfriend, with whom she cohabits. At the conclusion of the hearing, the court indicated that it was granting Thorn the relief she had requested. Thorn's attorney indicated that an order needed to be circulated and, after this had been accomplished, would be presented to the court for entry.

On March 13, 2006, a waiver of service was filed by Joseph Michael Baker.

An "Order in Suit to Modify Parent–Child Relationship" (which recited that it was taken on the default of Kerri to appear and that the parties waived the making of a record) was filed June 21, 2006, which recited that a hearing took place on that same date; that order bore the signatures of approval by Marcus and Joseph. However, it appears that no hearing was actually conducted on that date; rather,

---

1. There is no further mention of these other    children of Kerri in the record.

the evidentiary hearing at which the evidence was developed to sustain the complained-of order was held January 6, 2006, and the wrong hearing date was inserted in the order.

In its order, the court removed Kerri as the managing conservator of both minor children [2] and appointed Thorn as managing conservator and Kerri as possessory conservator of both children. The order went on to require Kerri to pay Thorn child support and provide health insurance for the children; it also gave the sole discretion to Thorn to unilaterally determine the times and circumstances for visitation and/or custody of the children.

Kerri filed a motion for new trial, challenging the diligence employed by Thorn in attempting to achieve personal service citation. After a lengthy hearing, the court determined that due diligence had been attempted in an effort to locate and personally serve notice on Kerri prior to the citation by publication and denied the motion for new trial.

On appeal, Kerri raises several unrelated arguments; Thorn chose to file no responsive brief.

■ Kerri first argues that the custody order must be reversed because the order states that the parties waived a court reporter.[3] Kerri correctly notes that, in child custody cases, the general rule is that a reporter may only be waived on the agreement of all parties and that, where one party does not appear, waiver of the making of a record by the other party is not sufficient. *Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex.1985);[4] *In re Vega*, 10 S.W.3d 720, 722 (Tex.App.-Amarillo 1999, no pet.).[5]

However, we also recognize that, as counsel explicitly acknowledges in his brief, and as reflected by the trial court's docket, no hearing was conducted on June 21, 2006. There can be no error in having no record from a nonexistent hearing.[6] Despite the incorrect recitation in the order that the making of a record was waived, a record was actually made of the hearing on the merits held January 6, 2006; the reporter's record of that hearing was proffered as a part of the record on appeal.

Kerri also argues that the trial court abused its discretion in ordering visitation "on the days and times prescribed" by

2. There is no record of any conservator having previously been appointed for S.J.B. by any court at any time.

3. She does not raise the lack of a written record of the evidence signed by the judge and filed with the record, as required by Rule 244 of the Texas Rules of Civil Procedure. *See* Tex R. Civ. P. 244; *Montgomery v. R.E.C. Interests, Inc.*, 130 S.W.3d 444 (Tex.App.-Texarkana 2004, no pet.). No issue concerning this having been raised, we consider it waived.

4. The record context is provided more clearly by the underlying court of appeals' decision in *Stubbs v. Stubbs*, 671 S.W.2d 70 (Tex.App.-Dallas 1984), *aff'd*, 685 S.W.2d 643 (Tex. 1985).

5. *See* Tex. Fam.Code Ann. art. 105.003 (Vernon 2002).

6. Counsel suggests briefly that the judgment on its face is erroneous because it states that the trial court heard the case June 21, 2006, rather than January 6, 2006—the hearing on custody on which a record is before this Court. At the end of that proceeding, the trial judge directed counsel to provide an order on custody for his signature. That was ultimately done, and signed June 21, 2006. Even though counsel is correct in stating that the hearing did not occur on June 21, a clerical error of this nature is not one that would justify reversal of the judgment. *See* Tex. R.App. P. 44.1.

Thorn. That entire section reads as follows:

> The Court finds that credible evidence has been presented that KERRI SUE HASS has a history or pattern of physical abuse directed against [S.J.B.] and [M.A.H.]. IT IS THEREFORE ORDERED that visitation shall be under the supervision of JUDY THORN on the days and times prescribed by JUDY THORN.

■ The best interest of the child is always the primary consideration in determining issues of conservatorship and possession. TEX. FAM.CODE ANN. § 153.002 (Vernon 2002). With regard to issues of custody, control, possession, child support, and visitation, we give the trial court wide latitude and will reverse the trial court's order only if it appears from the record as a whole that the trial court abused its discretion. *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex.App.-Austin 2005, pet. denied); *see Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982) (applying abuse of discretion standard to possession order). Because the trial court is faced with the parties and their witnesses and observes their demeanor, it is in a better position to evaluate what will be in the best interests of the children. *J.R.D.*, 169 S.W.3d at 743; *see Garza v. Garza*, 217 S.W.3d 538, 552 (Tex.App.-San Antonio, 2006, no pet.) (released for publication Apr. 17, 2007) ("[T]he trial judge is in the best situation to observe the demeanor and personalities of the witnesses and can feel the forces, powers, and influences that cannot be discerned by merely reading the record."); *In re N.A.S.*, 100 S.W.3d 670, 673 (Tex. App.-Dallas 2003, no pet.).

■ Therefore, in reviewing the substance of the trial court's order, we ask whether the court acted without reference to any guiding rules or principles, i.e., whether the order was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Peck v. Peck*, 172 S.W.3d 26, 33 (Tex.App.-Dallas 2005, pet. denied).[7]

■ Kerri argues that any order—such as the one from which she appeals—which gives one party complete discretion to determine when, where, and if the other party will have visitation with a child is an abuse of discretion because it effectively denies any right to visitation to the other party. This argument finds support in several cases, including controlling authority from this Court.

In *Roosth v. Roosth*, 889 S.W.2d 445 (Tex.App.-Houston [14th Dist.] 1994, no writ), the court reviewed an order limiting a father's possession of children to times mutually agreed to in advance by the mother and did not state in clear and unambiguous terms what the mother had to do to comply with the judgment. Instead, it gave the mother complete discretion to determine when, where, and if the father could exercise visitation with the children. The court found the ruling that the father's visitation periods would depend solely upon the mother's approval to be an abuse of discretion.[8]

---

**7.** The trial court has discretion to determine the possessory conservator's access to the children. *In re Walters*, 39 S.W.3d 280, 285–86 (Tex.App.-Texarkana 2001, no pet.); *Thompson v. Thompson*, 827 S.W.2d 563, 566 (Tex.App.-Corpus Christi 1992, writ denied). Under this abuse-of-discretion standard, legal and factual insufficiency are not independent grounds for asserting error, but are merely relevant factors in assessing whether a trial court abused its discretion. *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex.App.-Dallas 2004, no pet.); *In re Tucker*, 96 S.W.3d 662, 664–65 (Tex.App.-Texarkana 2003, no pet.).

**8.** The court did note that there was no evidence that visitation with appellant would endanger the physical or emotional welfare of

This Court addressed a similar situation in *In re A.P.S.*, 54 S.W.3d 493 (Tex.App.-Texarkana 2001, no pet). As in this case, the appellant argued that the trial court abused its discretion by fashioning an order requiring the consent of the other parent (not setting out the periods of possession and/or access); the reasoning in this argument was that such an order effectively denied her any access to the children because it was at the complete discretion of her former spouse.

In that opinion, reviewing a similar restriction on visitation, we stated that the terms of an order giving one party complete discretion over the other party's access to the children allowed for no enforcement of rights by contempt. As we pointed out, this could on the one hand effectively deny one party access to the children, and on the other hand, also leave her without the remedy of contempt against the other party.

We went on to note that the record as it had been developed did not show that the complete denial of access to the children was not supported under that record or under the court's order. As in that case, in this case the trial court's appointment of Kerri as a possessory conservator[9] implies that any threat she poses to the children can be remedied by restricted access to or possession of the children. Counsel does not contest the sufficiency of the evidence to indicate that Kerri would pose some danger to the children if she were given unrestricted possession; however, complete denial of access was not warranted under the paucity of facts presented at the time of trial and, from an examination of

the order, was not intended by the trial court. This is not to say that, if the evidence were to be developed to justify it, the court could not completely deny access to the children or that the court could not define extremely limited access if it were to define that access in such a fashion that it could be enforced by an action for contempt.

In reaching this conclusion, we noted, but disagreed with, the Houston First District Court of Appeals' decision in *In re R.D.Y.*, 51 S.W.3d 314 (Tex.App.-Houston [1st Dist.] 2001), *pet. denied*, 92 S.W.3d 433 (Tex.2002). In that opinion, the trial court named a father, mother, and grandmother joint managing conservators of R.D.Y. The grandmother was given the right to determine the residence of the child and was allowed "sole discretion" to determine if the mother was "mentally and physically capable of properly exercising her visitation with the child." *R.D.Y.*, 51 S.W.3d at 323 n. 1. The court of appeals upheld the trial court's order and based its decision on the fact that a judge has discretion to place conditions on the mother's visitation. *Id.* at 322–23.

As we recognized in *A.P.S.*, the two cases cited by the Houston court as authority in support of its conclusion were not applicable; neither of the cases upheld an order allowing one conservator complete discretion over another conservator's visitation. *See Capello v. Capello*, 922 S.W.2d 218, 220 (Tex.App.-San Antonio 1996, no writ) (allowing only appellant's parents or siblings to transport child to and from visitation was not an abuse of discretion); *see also Thompson*, 827 S.W.2d at 570 (trial court abused its dis-

---

the children. There is also no such finding in this case, although the order specifically notes that there was evidence of physical abuse. *See Wright v. Wentzel*, 749 S.W.2d 228 (Tex. App.-Houston [1st Dist.] 1988, no writ).

9. In an order appointing a parent as possessory conservator, the trial court must specifically state the times and conditions for possession of or access to the children unless a party shows good cause why specific orders would not be in the children's best interests. Tex. Fam.Code Ann. § 153.006(c) (Vernon 2002).

cretion by ordering that appellant be given access to children only at times mutually agreed on between conservators during the summer months of the year).

Thus, we disagreed with the Houston court's decision and concluded that giving total discretion, unenforceable by contempt, to one conservator could effectively completely deny the other conservator access to the children.[10]

■ This case raises the same problem and is effectively in the same posture as we addressed in our opinion in *A.P.S.* We see no reason to alter our reasoning and will apply the law as previously explained by this Court. Because the order in the present case could effectively deny Kerri access to the children, because complete denial was not shown at the hearing on the merits held January 6, 2006, to be in the children's best interests, and because Thorn did not show sufficiently good cause at that hearing why specific orders were inappropriate, the trial court is required to fashion an order that specifically articulates the times and conditions of Kerri's access to the children or, alternatively (should there be sufficient evidence provided which would justify it), completely bar access and visitation by Kerri.

We affirm the judgment of the trial court in part and reverse and remand the case in part with the instruction that the trial court either construct a specific custody order that articulates the times and conditions of Kerri's access to the children or, should the facts sustain such a decision, completely bar her from access to the children.

---

10. Recognizing the split in appellate authority, three justices on the Texas Supreme Court authored an opinion dissenting from the denial of the petition for review. *R.D.Y.*, 92 S.W.3d 433. Thus, the matter remains in flux.