**Edward BELL, Appellant,**

v.

**Virginia Bell SYKES, Appellee.**

**No. 16464.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 3, 1975.

M. Bruce Fort, Texas City, for appellant.

PEDEN, Justice.

Appeal from an order denying a motion to reduce child support payments. The appellant alleged that there had been a substantial and material change in circumstances and asked that his support payments be reduced to $120 per month.

Edward Bell, the appellant, was divorced from Virginia Bell on November 9, 1971. She was awarded custody of the parties' three children and appellant was ordered to pay $75 per month for the support of each child. Both parties to the divorce have remarried.

Appellant contends that the trial court abused its discretion in refusing his motion. The only two witnesses who testified at the hearing were the appellant and his doctor. Bell testified that his legs hurt and give way when he tries to climb lad-

ders and scaffolds as he must do to work as an electrician, so he can no longer do that work. At the time of divorce his take-home pay was $785 per month.

Dr. J. N. Cannon testified that over a period of time Bell has suffered an internal derangement of his right knee, that he has a severe condition of varicose veins in his left leg and that he can no longer carry out his usual duties as an electrician because of the deteriorated condition of his legs. He said there is almost no chance his condition will improve without operations that would cost about $2,500 and would require Bell to be off work for 16 weeks. There is a risk that the operations would not help. Bell said he works in a small grocery store operated by his present wife. Together they take home about one hundred dollars per week; his half of that amounts to a little less than $225 per month, the amount he is under court order or pay for support of his children.

Section 14.08 of the Family Code, V.T.C.A., governs modification of an order of the court.

"(a) . . .

". . . The motion shall allege that the circumstances of the child have materially and substantially changed since the entry of the order sought to be modified . . .

"(b) . . .

"(c) After a hearing and on a finding that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child . . ."

These guidelines are supplied in deciding child support cases: § 14.07. Best Interest of Child

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child
. . .

"(b) In determining the best interest of the child, the court shall consider the circumstances of the parents.

"(c) . . ."

The trial judge recited in his order denying the appellant's motion that it appeared that 1) no material change in circumstances surrounding this matter has been shown by Edward Bell, 2) he is not totally disabled and is capable of contributing $75 per month for the support of each of the three children and 3) no extenuating circumstances are found requiring reduction of the support payments.

■ Although the only testimony as to the movant's decreased earnings and ability to work and earn money came from him and from his expert medical witness, it was of a nature that could have been contradicted either directly or circumstantially, if untrue. Although appellee was present with her attorney, no offer of contradiction was made and, accordingly, we cannot disregard the direct statements of the movant as to his financial condition and inability to secure work providing earnings in keeping with those he had when the divorce was granted. Ex Parte Gonzales, 414 S.W.2d 656 (Tex.1967).

■ Appellant's testimony was clear, direct and positive. The testimony of Bell and his doctor was uncontroverted. The trial court should have accepted the corroborated testimony of an interested party which was not controverted by any other witness. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942).

■ As we said of the appellant in Kominczak v. Kominczak, 474 S.W.2d 749 (1971, no writ):

"His support payments must be made to correspond to his financial ability. While in cases such as this where hardship is inevitable, the trial court may well determine that the brunt of the sacrifice must fall on the father, still he

must be permitted to retain enough of his earnings to pay the necessary expense of living and earning a living. Any other order would be self-defeating and unenforceable. . . ."

 The trial judge abused his discretion in refusing to reduce the payments required for child support. The findings of fact recited in the order are contrary to the great weight of the evidence.

This cause must be reversed and remanded.