Jane WHITE, Appellant,

v.

Willis Sherman ADCOCK, Appellee.

No. A14–82–606CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 5, 1984.

---

George Michael Jamail, Beaumont, for appellant.

Everett Lord, Tom Mulvaney, Beaumont, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Jane White (appellant or White) appeals from an order modifying child support payments. The modification order denied White, who has custody of the children, any increase in direct support payments. The trial court did modify the original decree in two respects. Willis Sherman Adcock (appellee or Adcock) was ordered to maintain hospitalization insurance on the children and to pay each child a specified allowance.

Upon proper motion by a party affected by a divorce decree, a court may consider modifying the original order. TEX.FAM. CODE ANN. § 14.08 (Vernon Supp.1982–1983). The court may order either or both parties to make payments in support of the children. The manner of payment and persons to be paid may be specified by the court. TEX.FAM.CODE ANN. § 14.05 (Vernon 1975).

In findings of fact the trial judge stated that White and Adcock, the natural parents of the two boys, were divorced in 1970. The children have resided with White, who has been their managing conservator, since the divorce. The judge found that both parties have enjoyed an increase in income since the original decree. She found that Adcock has faithfully complied with the child support order of $230 per month. She further found that Adcock has voluntarily and consistently made additional expenditures for the use and benefit of the children. At the time of the findings these additional payments totalled $1470 per month which included $70 in allowances paid directly to the children. The judge noted that Adcock had agreed to put the children through college.

The trial judge stated in conclusions of law that there was no evidence of a need for additional funds on behalf of either child. The judge concluded the evidence established that Adcock would continue to make voluntary payments, and that this served the best interest of the children. She also concluded that there was no evidence the voluntary payments created problems in the children's household, and that both parents have an equal financial responsibility to the children.

The trial court's findings of fact and conclusions of law are well supported by the record. It is unclear from the record what White's income in 1970 was, but she asserts in her brief it was approximately $25,000. Adcock's income that year was about $13,000. In 1981 White filed for modification of the support order. During the three preceding years she had declared net income of about $25,000, $241,000, and $52,000. Adcock's income for the same years was about $80,000, $90,000, and $81,-000. As of 1980 White had accumulated capital of over $292,000 and unspecified oil and gas properties.

Uncontroverted testimony established that Adcock has been providing additional support for the two boys beyond the $230 direct payment ordered in the original decree. The details of his monthly expenses were given to the court in an itemized schedule. Since 1970 he has been buying clothes and paying other expenses. This includes life and health insurance, spending money, and vacations both home and abroad. By 1980 his monthly expenditure for both children was $1470. Adcock provided a late model truck for the older boy and paid for related gas, insurance, and repair costs. He has also given the older boy an off-road motorcycle.

There is no evidence in the record that either boy has needs which are not being met. Neither the size nor the value of Adcock's voluntary contributions were disputed by appellant. Both appellant and her attorney were present at the hearing and had the opportunity to contradict his testimony. Adcock's uncontraverted testimony deserved the weight it was given in the

trial court's findings and conclusions. *Bell v. Sykes*, 521 S.W.2d 752 (Tex.Civ.App.— Houston [1st Dist.] 1975, no writ).

Appellant has asserted six points of error which present two fundamental issues. In points one and two appellant claims the trial court abused its discretion by refusing to modify direct support payments. In the remaining points appellant asserts it was improper for the trial court to order Adcock to pay allowances directly to the children. Appellant claims the trial court lacked the power under the Texas Family Code § 14.08(c)(2) to make such an order, and that the order was not supported by the pleadings.

■ When considering modification of support orders the best interest of the children is the court's primary consideration. TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1975). The trial court's judgment as to what serves the best interest of the children will not be disturbed unless there is a clear abuse of discretion. *Williamson v. Williamson*, 624 S.W.2d 633 (Tex.App.— Houston [14th Dist.] 1981, no writ) at 635. This discretion includes drawing of conclusions and fashioning appropriate orders as dictated by the facts of the case. *Friedman v. Friedman*, 521 S.W.2d 111, 115 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

■ When a change in circumstances is shown, the judge will consider anything which may have an impact on family conditions. This includes any financial resources available to either parent, nonfinancial contributions made, and the standard of living to which the children have become accustomed. *Grandinetti v. Grandinetti*, 600 S.W.2d 371, 372 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). It is also well established that the resources of *both* parents are to be considered since both have an equal duty to support their children. TEX.FAM.CODE ANN. § 4.02 (Vernon Supp.1982–1983). *Friedman*, 521 S.W.2d at 114; Tex. Const. art. I, § 3(a).

In reviewing the circumstances in this case the trial judge found that Adcock had voluntarily contributed to his children's needs beyond what was originally ordered. The judge concluded Adcock was likely to continue to voluntarily contribute to the support of his children. Adcock's voluntary contribution may validly be considered a financial resource of the family. White did not contend these payments did anything but aid in management of her household, and the record supports the trial judge's conclusion that the payments have not created problems in the household. The improved financial status of White, as well as Adcock, is a circumstance which was properly considered when deciding whether to modify the support order.

■ The record as a whole does not reflect that the refusal to increase direct support payments was an abuse of discretion. Adcock's history of voluntary support, and the relative financial condition of the parents, are circumstances which the court may have properly considered in its decision. Appellant's first two points of error are overruled.

■ Appellant claims the trial court lacked the power under the Texas Family Code § 14.08(c)(2) to order Adcock to pay allowances directly to the children. Appellant argues that § 14.02 and § 14.03 of the Family Code require all payments be made to the managing conservator. We do not agree. TEX.FAM.CODE ANN. § 14.05(a) (Vernon 1975) states the court may order payments for the support of children "in the manner and *to the persons* specified by the court in the decree." (Emphasis added.) The trial court has discretion in determining what change, if any, is warranted in a support order. *Williams v. Williams*, 596 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The language of § 14.02 and § 14.03 does not limit the discretion of the court. The trial court is free to exercise its best judgment in setting the terms and conditions for child support. *Marriage of Miller*, 600 S.W.2d 386, 388 (Tex.Civ.App.—Amarillo 1980, no writ). This exercise of discretion allows

**226**

the court to fashion an order which meets the needs of the children and fits the facts of the case.

█ A parent who freely takes responsibility for his or her children should be encouraged. The potential absence of contempt enforcement power does not render the trial judge's order defective. It is somewhat incongruous to ask for guarantees from a volunteer who has proven faithful for over ten years.

If the order of the trial court is abused, appellant can seek enforcement of the obligation by judgment, or clarification of the order when necessary. *Bagot v. Bagot,* 602 S.W.2d 334, 337 (Tex.Civ.App.—Texarkana 1980, no writ). For whatever reason, should Adcock not continue to voluntarily support his children, this would simply be a change in circumstances justifying a modification of the support order.

█ Appellant further contends that the judge lacked the support of the pleadings in ordering payments be made directly to the children. In *Leithold v. Plass,* 413 S.W.2d 698, 701 (Tex.1967), the Supreme Court stated that the technical rules of pleading have little importance in child custody cases. This conclusion is equally applicable to issues of child support. *Terrett v. Wagenor,* 613 S.W.2d 308, 310 (Tex.App.—Fort Worth 1981, no writ). Appellant's last four points of error are overruled.

█ In a cross-point of error, appellee asserts there was insufficient cause in this suit justifying award of attorney fees. However, appellant was granted a modification of the original decree. There was sufficient basis for a change to be ordered. After due consideration of the issues presented, we cannot conclude the trial judge abused her discretion by granting attorney fees. Appellee's cross-point of error is overruled.

Appellant's points of error one through six are overruled. The judgment of the trial court is affirmed.