

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 13, 1993

Honorable Jeffrey D. Herrington
Criminal District Attorney
Anderson County Courthouse
500 North Church Street
Palestine, Texas 75801

Opinion No. DM-222

Re: Whether a child support obligee may modify a child support order by filing with a district clerk a limited power of attorney authorizing a corporation to receive child support payments paid through the district clerk's office along with a request that the clerk send the child support payments to that corporation (RQ-478)

Dear Mr. Herrington:

You have asked us to determine the responsibility of a district clerk when a child support obligee files with the clerk a limited power of attorney assigning to a corporation the right to receive child support paid through the clerk's office along with a request that the clerk send child support payments it receives to the corporation named in the limited power of attorney. As a threshold issue, we must determine whether the child support obligee may modify the child support order simply by filing these documents. We determine that a child support obligee may not modify the child support order; only the court with continuing, exclusive jurisdiction in the case may modify the child support order. Hence, in such a situation, the district clerk's responsibility is to comply with the terms of the existing child support order unless and until the proper court modifies the order.[1]

As background, you state the following:

> In 1990, Mr. and Mrs. M. were divorced in Anderson County. Mrs. M. was named the managing conservator of Baby M. The Final Decree of Divorce provided that Mr. M. shall pay [child support] to Mrs. M. . . . in the amount of $150.00 a month. The Final Decree further provides that all child support payments be made through the

---

[1] We determine in this opinion only whether a child support obligee may authorize payment of child support payments to an entity other than that provided in the court order. We understand that a court order generally does not attempt to fix the address of an obligee. Accordingly, we do not determine in this opinion whether a child support obligee may change his or her address for purposes of transmitting the child support payments.

office of the District Clerk, who shall remit those payments to Mrs. M., for the support of Baby M.

In 1992, the District Clerk received two instruments from the child support obligee, Mrs. M. The first instrument is entitled "Limited Power of Attorney and Authorization to Release Information" and appears to make Child Support Collections dba In the Interest of Children Inc. the agent of Mrs. M., with the authority to collect and receive the child support payments due Mrs. M. The second instrument is a request that all future child support payments made through the District Clerk's Office be sent to Child Support Collections. Both are notarized.

Section 14.05(a) of the Family Code authorizes a district court, in a child custody proceeding, to order either or both parents to, among other things, make periodic payments for the support of the child "in the manner and to or for the benefit of the persons" that the court has specified in the decree.[2] *See also White v. Adcock*, 666 S.W.2d 222, 225 (Tex. App.--Houston [14th Dist.] 1984, no writ) (emphasizing that court may order payments for support of children "*to the persons*" specified in decree). This office previously has stated that section 14.05 of the Family Code "confers broad discretion upon the district court in determining to whom child support payments will be made." Attorney General Opinion H-343 (1974) at 1. Generally, in a proceeding in which a court orders periodic child support payments, the court must order that income be withheld from the obligor's earnings and that a court registry, a child support collection office, or the attorney general initially receive the payment. Fam. Code §§ 14.05(e), 14.43(c). The initial receiver of the payment is promptly to distribute the payment, presumably to a person designated in the court order. *See id.* §§ 14.05(a), 14.43(c); *White*, 666 S.W.2d at 225. Based on the language of sections 14.05(a) and 14.43(c) of the Family Code, the court of appeals' construction in *White*, and the statements this office made in Attorney General Opinion H-343, we believe that no person or entity other than the district court is authorized to determine in the original order to whom child support payments will be made or distributed.

Section 14.08 of the Family Code provides the procedure by which a child support order or that portion of a divorce decree pertaining to child support may be modified. Significantly, only the court having continuing, exclusive jurisdiction over the suit

---

[2]We note that the 71st Legislature enacted two versions of section 14.05(a). *Compare* Acts 1989, 71st Leg., ch. 617, § 5 *with* Acts 1989, 71st Leg., 1st C.S., ch. 25, § 13. While the two versions are similar, to the extent that the language of the two versions differs, we will refer to the version enacted later, during the legislature's first called session. *See* Attorney General Opinion M-497 (1969) at 14 (latest expression of legislature controls over prior conflicting legislation).

affecting the parent-child relationship[3] may, after a motion has been filed and a hearing conducted, modify the order or portion of a divorce decree that provides for child support.[4] Fam. Code § 14.08(a). In our opinion, the court's exclusive power to modify the child support order encompasses the power to modify that part of the order designating the person or persons who is ultimately to receive the child support payments. The court's exclusive power therefore generally precludes modification of that portion of the order designating the person who is to receive the child support payments by any other means.[5]

Generally, of course, the law favors the assignment of contractual rights. *See* 7 TEX. JUR. 3d *Assignments* §§ 2, 4, at 175-76, 178. However, if an assignment would be contrary to public policy, the right to assign a contractual provision should not be presumed. *See id.* § 4, at 178-79. In our opinion, the assignment of the right to receive child support payments is contrary to public policy.

In a case such as the one you raise, a managing conservator accepts the child support payments for the benefit of the child, not for him- or herself. *See Hill v. Hill,* 819 S.W.2d 570, 572 (Tex. App.--Dallas 1991, writ denied). Child support agreements are, therefore, structured to provide for the best interests of the child. *Id.* Consequently, a managing conservator may not unilaterally assign to a third party the child's right to child support payments. Instead, the managing conservator must seek the approval of the court with continuing, exclusive jurisdiction over the child, which will consider and protect the child's interest in the child support payments.

---

[3]Under section 11.05(a) of the Family Code, a court that has acquired jurisdiction of a suit affecting the parent-child relationship retains continuing, exclusive jurisdiction of all parties and matters related to the suit.

[4]After a hearing, the court may modify an order or portion of a decree that, among other things, provides for child support "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition." Fam. Code § 14.08(c)(2).

[5]In *White* the Texas Court of Appeals appeared to assume that only the court of continuing, exclusive jurisdiction may modify that portion of a child support order designating the person or persons who are ultimately to receive the child support payments. *See White,* 666 S.W.2d 225. The appellant in *White,* a parent with custody of two children, appealed from a modification of the original order pertaining to child support by which the court with continuing jurisdiction ordered the appellee to pay each child a specified allowance. *Id.* at 224. The appellant asserted that the trial court's order requiring the appellee to pay allowances directly to the children was improper. *Id.* at 225. The court of appeals disagreed with the appellant. The court stated that section 14.05(a) of the Family Code may order payments for the support of children "in the manner and *to the persons*" the court has specified in the decree. *Id.* (emphasis in original). Accordingly, that court found that section 14.08(c)(2) of the Family Code authorizes a court to modify a child support order to change the name of the person who is to receive the child support payments. *See id.*

We conclude, therefore, that a child support obligee may not modify a child support order simply by filing with the district clerk a limited power of attorney and a request that the payments be sent to a person or entity other than that specified in the court order. The only means by which a person may modify that part of the child support order designating the ultimate recipient of the child support payments is to obtain a court order. Unless the district clerk has received a court order modifying the designation of the ultimate recipient of the child support payments, the district clerk must comply with the terms of the existing court order.

## S U M M A R Y

Unless section 14.08(h) of the Family Code applies, a district clerk must pay child support payments to the person designated in the existing child support order or in that portion of a divorce decree providing for child support. Thus, a district clerk must continue to pay the obligee designated in the court order even though the obligee has filed with the clerk a limited power of attorney authorizing a corporation to receive the child support payments and a request that the clerk send the child support payments to that corporation.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General