cv6-115.meinardus.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00115-CV







Dale Louis Meinardus, Appellant



v.



Cheryl Lynn Schmidt, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94V-137, HONORABLE DAN R. BECK, JUDGE PRESIDING







PER CURIAM



 This is an appeal from an order modifying a child conservatorship, possession, and
support order. By seven points of error, Dale Meinardus complains about the trial court's
modification of child support. We will affirm the trial court's order. 



BACKGROUND


 Dale and Cheryl were divorced in October 1994 and were named joint managing
conservators of their teenage daughter, teenage son, and young son. Pursuant to the custody
portion of the divorce decree, the three children were to live with Cheryl. Dale was ordered to
pay child support of approximately 30% of his net resources, in accordance with the statutory
child support guidelines, and was awarded specified periods of possession. In April 1995, the
teenage son went to live with Dale. In May 1995, Dale filed a motion to modify the
conservatorship, possession, and support order. 

 The parties agreed that their young son and teenage daughter would continue to
reside with Cheryl while their teenage son would live with Dale. After waiving a jury, the only
issue before the trial court was the amount of child support, if any, each party would pay. The
trial court entered findings of fact and conclusions of law. The trial court found that both parties
were almost equally financially able to contribute to the support of their children. The trial court
found that Dale had no child care expenses for the teenage son living with him because Cheryl's
parents provided many of these services. Additionally, the trial court determined that the average
expenses for the teenage daughter living with Cheryl were much higher than the average expenses
for the two boys. 

 Regarding child support, the trial court found that applying the statutory child
support guidelines would cause a harsh and inequitable result. The trial court ordered that it was
in the best interest of the children for each parent to support one child living with them and for
Dale to pay support in the amount of $468.68 to Cheryl for one child as long as she had two
children residing with her or until certain conditions were met. Further, the trial court ordered
that when each party had only one child residing with them neither party was to pay support to
the other. Finally, the trial court ordered that if Cheryl had only one child living with her and
Dale had none of the three children living with him then Dale was to pay to Cheryl $468.68
monthly as child support until certain conditions were met. 

 On appeal, Dale complains about several aspects of the child support modification. 
He contends that the trial court erroneously failed to follow the statutory child support guidelines
and entered an order that was not in the children's best interest. Additionally, Dale complains that
the trial court made erroneous findings of fact and conclusions of law that are not supported by
the evidence. Finally, he complains that the trial court erred by refusing to file amended findings
of fact and conclusions of law that he properly requested. 



REQUEST FOR ADDITIONAL FINDINGS


 By point of error seven, Dale contends that the trial court erred by failing to make
amended findings of fact and conclusions of law in accordance with his request. 

 Texas Rule of Civil Procedure 298 requires additional findings of fact and
conclusions of law only if they relate to ultimate or controlling issues. See Rafferty v. Finstad,
903 S.W.2d 374, 376 (Tex. App.--Houston [1st Dist.] 1995, writ denied) (citing Associated Tel.
Directory Publishers v. Five D's Publishing Co., 849 S.W.2d 894, 901 (Tex. App.--Austin 1993,
no writ)). The test for harm is whether the circumstances of the particular case would require an
appellant to guess at the reasons for the trial court's decision. Goggins v. Leo, 849 S.W.2d 373,
379 (Tex. App.--Houston [14th Dist.] 1993, no writ). The trial court is not required to make
findings and conclusions that relate solely to evidentiary matters, or that are contrary to other
previous findings. Rafferty, 903 S.W.2d at 376 (citing Simmons v. Compania Financiera Libano,
S.A., 830 S.W.2d 789, 791-92 (Tex. App.--Houston [1st Dist.] 1992, writ denied)).

 The additional findings Dale requested were either duplicative or contrary to the
findings the trial court had already made. The additional findings do not address any issue
necessary for the resolution of this cause. The record affirmatively shows that Dale suffered no
harm by the court's refusal to enter additional findings of fact and conclusions of law. See Cherne
Indus. Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). We overrule Dale's seventh point
of error. 



EVIDENTIARY FINDINGS


 By points of error five and six, Dale complains that the following findings by the
trial court were not supported by any evidence, or were supported by insufficient evidence: (1)
the average expenses for the teenage daughter were higher than the average for the two sons, and
(2) the teenage son living with Dale spends a great deal of time and takes many of his meals with
Cheryl's parents and that Dale has no child care expenses because Cheryl's parents provide such
services. 

 Because this Court applies an abuse of discretion standard when reviewing a child
support order, Dale's legal and factual sufficiency points of error are not independent grounds of
error but are incorporated into a determination of whether the trial court abused its discretion
when determining the child support ordered. Thomas v. Thomas, 895 S.W.2d 895, 896 (Tex.
App.--Waco 1995, writ denied) (citing In re Pecht, 874 S.W.2d 797, 800 (Tex. App.--Texarkana
1994, no writ); Mai v. Mai, 853 S.W.2d 615, 618 (Tex. App.--Houston [1st Dist.] 1993, no
writ)). The same appellate standards are used to review the legal and factual sufficiency of a trial
court's findings of fact as are used to review a jury's findings. Anderson v. City of Seven Points,
806 S.W.2d 791, 794-95 (Tex. 1991). When reviewing a "no evidence claim" we consider only
the evidence favorable to the trial court's findings and judgment, and disregard all evidence to the
contrary. T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992). When
reviewing a factual sufficiency, or "insufficient evidence" claim we consider, weigh, and examine
all of the evidence that supports and that is contrary to the trial court's finding. Plas-Tex, Inc.
v. United States Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We set aside the finding only
if the evidence is so weak as to make the finding clearly wrong and manifestly unjust. Id. 

 In a non-jury trial, the trial court, as fact finder, is the sole judge of the credibility
of the witnesses and the weight to be accorded their testimony. Buffalo Sav. & Loan v. Trumix
Concrete Co., 641 S.W.2d 650, 653 (Tex. App.--Corpus Christi 1982, no writ). It is within the
trial court's province therefore, to consider all of the facts and surrounding circumstances in
connection with the testimony of each witness and, as the fact finder, the trial court may accept
or reject all or any portion or portions of any witness's testimony. Southwestern Bell Media, Inc.
v. Lyles, 825 S.W.2d 488, 493 (Tex. App.--Houston [1st Dist.] 1992, writ denied); Buffalo Sav.
& Loan, 641 S.W.2d at 653. It is not within our province to substitute our judgment about the
weight of the testimony for that of the trier of fact. Gomez v. Franco, 677 S.W.2d 231, 236 (Tex.
App.--Corpus Christi 1984, no writ). 

 Evidence was admitted regarding the day care expenses for each of the three
children as well as the expenses the teenage daughter was incurring due to her many high school
and church activities. Sufficient evidence exists to support the two fact findings challenged by
Dale. We overrule Dale's points of error five and six. 




AMOUNT OF CHILD SUPPORT


 By points of error one through four, Dale contends that the trial court erred in
determining the amount of child support he is to pay. Specifically, Dale contends that the trial
court erred by not applying the statutory guidelines for child support or, alternatively, erred by
not applying the statutory guidelines that are available when there are children in more than one
household. Additionally, Dale complains that the child support order is not in the children's best
interest. Dale contends that the trial court erred by not requiring Cheryl to pay him any child
support for their teenage son living with him. 

 The best interest of the children shall always be the trial court's primary
consideration in determining questions of child support. Tex. Fam. Code Ann. §§ 154.122,
154.123 (West 1996); Hammond v. Hammond, 898 S.W.2d 406, 407 (Tex. App.--Fort Worth
1995, no writ). The trial court is free to exercise its best judgment in setting the terms and
conditions of child support. White v. Adcock, 666 S.W.2d 222, 225 (Tex. App.--Houston [14th
Dist.] 1984, no writ). This exercise of discretion allows the trial court to fashion an order that
meets the needs of the children and fits the unique facts of each case. Id. at 225-26. Absent the
complaining party showing that the child support order constituted a clear abuse of discretion, this
Court may not disturb the trial court's judgment. Rodriguez v. Rodriguez, 860 S.W.2d 414, 415
(Tex. 1993) (citing Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex. App.--Corpus Christi 1992,
writ denied)); Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.] 1993, writ
denied). Reversal for an abuse of discretion is justified only when the trial court acted without
reference to any guiding rules or principles and trial court's decision was arbitrary and
unreasonable. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 233, 236 (Tex. 1991); Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990). In making this determination, the reviewing court
must view the evidence in the light most favorable to the actions of the trial court and indulge
every legal presumption in favor of the judgment. Holley, 864 S.W.2d at 706. An abuse of
discretion does not exist as long as there is some evidence of a substantive and probative character
to support the trial court's decision. Id. 

 The Family Code permits a trial court to render a final determination of support
outside the recommended guidelines if other relevant factors justify such a variance. Tex. Fam.
Code Ann. § 154.123 (West 1996). In any suit affecting the parent-child relationship in which
the amount of child support ordered by the court varies from the amount computed by applying
the statutory percentage guidelines as provided in section 154.125 of the Texas Family Code, the
court shall find that the application of the child support guidelines would be unjust or
inappropriate and shall make several specific findings. See Tex. Fam. Code Ann. § 154.123
(West 1996). 

 The trial court made the findings of fact and conclusions of law necessary as a basis
for varying from the statutory child support guidelines. See Tex. Fam. Code Ann. § 154.123
(West 1996). The trial court found that, by applying the statutory guidelines, Dale would pay a
net amount of $38.31 to Cheryl for their teenage daughter's support. The trial court concluded
that applying the statutory child support guidelines in this cause would cause harsh and inequitable
results that would not be in the children's best interest. Considering the evidence presented in
light of the trial court's findings we cannot say that the trial court abused its discretion in this
cause. We overrule Dale's points of error one through four. 


CONCLUSION


 We affirm the trial-court order.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: June 5, 1996

Do Not Publish