

**NUMBER 13-08-00335-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN THE INTEREST OF R. E. G., A CHILD

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, Michelle Garcia, appeals from the order of the trial court granting the name change of her child, R.E.G. In three issues, Garcia contends that: (1) the trial court abused its discretion by changing R.E.G.'s surname to "Garcia-Padilla" because the name "Garcia-Padilla" was never requested; (2) the trial court abused its discretion by changing R.E.G.'s surname to "Garcia-Padilla" because there is no evidence, or insufficient evidence, that the name change is in R.E.G.'s best interest; and (3) the trial court erred by failing to make findings of fact and conclusions of law. We affirm.

I. BACKGROUND

R.E.G. was born out-of-wedlock on March 30, 2003 to Michelle Garcia and Julio Cesar Padilla. At birth, R.E.G. was given the surname Garcia. On March 31, 2003, Padilla signed an "Acknowledgment of Paternity," recognizing that he was R.E.G.'s biological father. On September 24, 2007, Padilla filed a petition for name change, requesting that R.E.G.'s surname be changed from "Garcia" to "Padilla." The trial court entertained Padilla's petition at hearings conducted on November 28, 2007 and February 20, 2008. R.E.G. was four years old at the time of the hearings.

Padilla testified that he has been a part of R.E.G.'s life since birth. Padilla stated that despite knowing he would be ordered to pay child support, he voluntarily visited the Attorney General's Office to obtain visitation rights soon after R.E.G.'s birth. Padilla exercised his visitation rights, and upon R.E.G.'s third birthday, R.E.G was allowed to spend every other weekend at Padilla's home. Padilla also testified that he currently makes monthly child support payments and has a payment plan to eliminate $430 owed in arrears. When asked by the court why a name change would be in R.E.G.'s best interest, Padilla responded, "Because I am his father, and I'm going to be there for the rest of his life, no matter what, and I want him to know that." Padilla testified that he and his parents love R.E.G. and are very involved in his life. Padilla also stated that although R.E.G. would always know that Padilla was his father, he worried that later in life, R.E.G. would wonder why "Padilla" was not his last name. Padilla testified that when R.E.G. visits him, R.E.G. believes that his surname is "Padilla" and when R.E.G. is with Garcia, R.E.G. believes that his surname is "Garcia."

Garcia testified she is R.E.G.'s sole custodian and that everyone she and R.E.G. live with bears the surname "Garcia." Garcia confirmed that Padilla regularly visits R.E.G.

and that although Padilla has paid child support from 2003 to the present, he failed to make a few payments in 2007. Garcia testified that R.E.G.'s medical records list his surname as Garcia, he has been enrolled in school for ninety days, and "[e]veryone knows him as [R.E.] Garcia." Garcia testified that it would be inconvenient to change R.E.G.'s name because it is easier for her to obtain documents needed for church and school under the surname "Garcia." Garcia stated that if she marries, both she and R.E.G. will retain the surname "Garcia." Garcia testified that in the fall of 2006, she refused a $1,000 offer by Padilla to change R.E.G.'s surname to Padilla.

After hearing testimony from both parties, the trial court found a name change to be in R.E.G.'s best interest and ordered his surname changed to "Garcia-Padilla."

## II. NO ABUSE OF DISCRETION

In her first and second issues, Garcia contends that the trial court abused its discretion by ordering R.E.G.'s surname changed from "Garcia" to "Garcia-Padilla."

### A. Standard of Review

We review a trial court's granting of a name change under an abuse of discretion standard. *Scoggins v. Trevino*, 200 S.W.3d 832, 836 (Tex. App.–Corpus Christi 2006, no pet.). The test for abuse of discretion is not whether the facts "present an appropriate case for the trial court's actions," but whether the trial court "acted without reference to any guiding rules and principles." *In re Guthrie*, 45 S.W.3d 719, 723 (Tex. App.–Dallas 2001, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)).

### B. Texas Family Code § 45.002

In her first issue, Garcia asserts that the trial court abused its discretion because

3

Padilla failed to request, plead and verify the surname "Garcia-Padilla," as required by section 45.002 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 45.002 (Vernon Supp. 2009). We do not agree.

Both Padilla's original and amended petitions provide: "Petitioner requests the Court to grant a change of [R.E.] Garcia's name to [R.E.] Padilla." There is no evidence in the record that Padilla at any time requested that R.E.G.'s surname be changed to "Garcia-Padilla." However, after hearing testimony from both Padilla and Garcia, the court apprised the parties of the remedy that would be ordered:

The Court: All right. This is what I'm going to do. I'm going to give y'all an option. I can either change his name to [R.E.] Garcia-Padilla, or I can change his name to [R.] Garcia-Padilla. You want to keep the [E.]?

[Garcia's Counsel]: Your Honor, I'm sorry. Your Honor I'm sorry, but in regards to changing the child's name, you must first file a certified affidavit. In this case, the affidavit only has [R.E.] Padilla. For that reason, I am asking that you, the Judge, deny the petitioner's request.

[Padilla's Counsel]: Judge, my motion was properly filed. This is the first time that I even heard that argument, Judge, and it has been on file for several—

The Court: All right. I'm going to change the child's name from [R.E.] Garcia to [R.E.] Garcia-Padilla. So he will be both Garcia and Padilla. . . .

Section 45.002 sets forth requirements that must be met by a *petitioner* requesting to change the name of a child. *See id.* Garcia contends that Padilla's petition failed to comply with subsection (a)(3), which provides that "[a] petition to change the name of a child must be verified and include . . . the full name requested for the child." *Id.* Although Padilla's petition fails to request the surname "Garcia-Padilla," it nevertheless met the requirements of 45.002(a)(3) by requesting a name—"[R.E.] Padilla." Because the

4

requirements of the petition were met, the court ensured that Padilla complied with section 45.002, and therefore, did not abuse its discretion.

Although section 45.002 ensures that a petitioner inform the court of the name requested, *see id.*, a court that orders a child's name changed to a name other than the name requested does not necessarily abuse its discretion. Section 45.004(a) provides that a trial court may order a child's name changed if the change is in the child's best interest. *See* TEX. FAM. CODE ANN. § 45.004(a) (Vernon Supp. 2009); *Scoggins*, 200 S.W.3d at 836. Courts are given broad discretion in determining the best interests of a minor child. *Scoggins*, 200 S.W.3d at 836 (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). When determining what is in a child's best interests, trial courts have the ability to craft orders that are dictated by the facts presented. *Cf. White v. Adcock*, 666 S.W.2d 222, 225 (Tex. App.–Houston [14th Dist.] 1984, no writ) (noting that a court may "fashion[ ] appropriate orders as dictated by the facts of the case" when determining the best interest of a child in a proceeding involving modification of support orders). Crafting a remedy that combines the last names of both parents does not constitute an abuse of discretion where the orders are derived from the facts of the case. *See id.* We therefore overrule Garcia's first issue.

## C.     R.E.G.'s Best Interest

In her second issue, Garcia contends that the trial court abused its discretion by granting a name change because there was no evidence, or in the alternative, insufficient evidence that the name change was in R.E.G.'s best interest.

*1. Applicable Law*

Under an abuse of discretion standard, legal insufficiency is not an independent ground of error; instead, it is "only a relevant factor in assessing whether the trial court

5

abused its discretion." *Scoggins*, 200 S.W.3d at 836. In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005)). "The fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony." *Id.* (citing *City of Keller*, 168 S.W.3d at 819).

"The court may order the name of a child changed if the change is in the best interest of the child." TEX. FAM. CODE ANN. § 45.004(a). The Texas Equal Rights Amendment provides: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." TEX. CONST. art. I, § 3. Therefore, neither custom and tradition, nor a parent's interest and desire, override the best interest of the child. *Guthrie*, 45 S.W.3d at 724. Generally, courts exercise the power to change a child's name reluctantly and only when the substantial welfare of the child requires it. *Newman v. King*, 433 S.W.2d 420, 423 (Tex. 1968); *Guthrie*, 45 S.W.3d 724. We consider the following factors in determining whether a name change is in the child's best interest:

(1) Whether the changed name or the present name would best avoid embarrassment, inconvenience, or confusion for the custodial parent or the child;

(2) Whether it would be more convenient or easier for the child to have the same name as or a different name from the custodial parent, either the changed name or the present name;

(3) Whether the changed name or the present name would help identify the child as part of a family unit;

(4) The length of time the surname has been used;

(5) Parental misconduct, such as support or nonsupport or maintaining or failing to maintain contact with the child;

(6) The degree of community respect associated with the present or

6

changed name;

(7) Whether the change will positively or adversely affect the bond between the child and either parent or the parents' families;

(8) Any delay in requesting or objecting to name change;

(9) The preferences of the child;

(10) The age and maturity of the child;

(11) When the child maintains the mother's surname, assurances by the mother that she would not change her name if she married or remarried; and

(12) Whether the parent seeking the change is motivated by an attempt to alienate the child from the other parent.

*Scoggins*, 200 S.W.3d at 837 (quoting *In re Guthrie*, 45 S.W.3d at 725-26).

*2. Analysis*

A child's best interest is the paramount consideration in determining whether to order his name changed. *See* TEX. FAM. CODE. ANN. § 45.004(a); *Scoggins*, 200 S.W.3d at 836. Garcia contends that the trial court failed to take into account R.E.G.'s best interest because it looked to "customs and traditions of surnames." "[I]n Texas, any custom or tradition of a child receiving a father's surname does not override the best interest of the child." *Guthrie*, 44 S.W.3d at 724. A court should not base its decision to change a child's name on whether the parent requesting the name change is the child's mother or father. *See* TEX. CONST. art. I, § 3a. In the present case, the trial court did not replace the surname "Garcia" with "Padilla;" instead, the court ordered R.E.G.'s surname changed to "Garcia-Padilla." By hyphenating the surnames Garcia and Padilla, the court demonstrated no preference to one parent's name over the other. *See* TEX. CONST. art. I, § 3a.

Nevertheless, Garcia contends that even if the trial court did not rely too heavily on custom and tradition, there is no evidence, or the evidence is insufficient, to prove that a

7

name change was in R.E.G.'s best interest. Garcia argues that R.E.G.'s surname should remain unchanged because, as the custodial parent, she would avoid inconvenience with medical, religious, educational, and insurance records. She contends that keeping the name "Garcia" will allow R.E.G. to identify himself with the Garcia family unit, the family unit with which he resides. Additionally, Garcia urges that R.E.G.'s name remain unchanged because Padilla has been in arrears in child support payments and has waited four years to request a name change. Although we agree that these factors weigh in Garcia's favor, we cannot conclude that the trial court abused its discretion in ordering R.E.G.'s surname changed to "Garcia-Padilla." *See Guthrie*, 45 S.W.3d at 726-27 (holding that the trial court did not abuse its discretion in ordering the child's surname changed to the father's surname where there "was evidence of proper best interest factors favoring both the mother and the father").

Padilla testified that changing R.E.G.'s name would be in the child's best interest because it would demonstrate to R.E.G. that Padilla would "be there for the rest of his life, no matter what . . . ." Padilla emphasized the love that he and his family possess for R.E.G., and that a name change would avoid confusion that may arise when R.E.G. begins to question why he does not share the "Padilla" surname. Additionally, Padilla presented evidence that he has been an active participant in R.E.G.'s life since birth. Both Padilla and Garcia testified that Padilla exercises his visitation rights and seldom fails to make a support payment. Padilla testified that at the time of the hearing, he was paying additional money each month as part of a payment plan established to eliminate his arrears. Moreover, because R.E.G. was only four years old at the time of the hearings, he had used the surname Garcia for a relatively short period of time.

Given the evidence presented, we cannot conclude that the trial court abused its

discretion in ordering the child's surname changed to "Garcia-Padilla."  *See id.*  The evidence presented demonstrates that the child is loved by both families, and both families are actively involved in his life.  The court's ordered name change of "Garcia-Padilla" allows the child to identify equally with two family units that are deeply concerned about his best interests.  Garcia's second issue is overruled.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her third issue, Garcia contends that the trial court erred in failing to file findings of fact and conclusions of law in violation of rule 296 of the Texas Rules of Civil Procedure, and that the error was harmful.  *See* TEX. R. CIV. P. 296.  The trial court need only enter findings on ultimate or controlling issues, rather than on mere evidentiary issues.  *Flanary v. Mills*, 150 S.W.3d 785, 793 (Tex. App.–Austin 2004, pet. denied) (citing *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 515 (Tex. App.–San Antonio 2001, pet. denied)).  A fact issue is essential to the cause of action and has a direct effect on the judgment.  *Id.* (citing *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 639 (Tex. App.–Houston [1st Dist.] 1985, writ. ref'd n.r.e.)).  An evidentiary issue may be considered in deciding the controlling issue, but is not a controlling issue itself.  *Id.* at 793-94.

Rule 296 provides that in a bench trial, a party may request findings of fact and conclusions of law, and such request must be filed within twenty days after the final judgment.  *See* TEX. R. CIV. P. 296.  When a request is timely filed, the court is required to file findings of fact and conclusions of law within twenty days after the request is made. *See* TEX. R. CIV. P. 297.  However, if the court fails to comply within twenty days, the requesting party "shall, within thirty days after filing the original request," file a notice of past due findings of fact and conclusions of law.  *Id.*  Although Garcia timely requested findings of fact and conclusions of law pursuant to rule 296 and timely filed a notice of past due

9

findings of fact pursuant to rule 297, the trial court failed to file the requested findings and conclusions.

Following Garcia's proper request and reminder, the trial court's duty to file findings of fact and conclusions of law was mandatory. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); *Humphery v. Camelot Ret. Cmty.*, 893 S.W.2d 55, 61 (Tex. App.–Corpus Christi 1994, no writ). Failure to respond is presumed harmful unless the appellate record affirmatively demonstrates that the party complaining of the failure to file findings of fact has suffered no injury. *Tenery*, 932 S.W.2d at 30. The test for determining harm is whether the circumstances of the particular case would force an appellant to guess the reason or reasons that the trial court ruled against it. *Humphery*, 893 S.W.2d at 61.

In name change cases, the ultimate issue is the best interest of the child. *See* TEX. FAM. CODE ANN. § 45.004(a). The trial court's order provides: "The Court finds: . . . [t]he change of name requested is in the best interest of [R.E.G.] and the public." Thus, by its order, the trial court expressly addressed the ultimate or controlling fact essential to the claim and necessary to the judgment. Any other findings would be merely evidentiary. *See Bennett v. Northcutt*, 544 S.W.2d 703, 709 (Tex. Civ. App.–Dallas 1976, no writ) (per curiam) (concluding that the only issue of fact presented in an action to change the name of a child is whether the change of name was in the child's best interest); *cf. In re A.A.E.*, No. 13-03-528-CV, 2005 WL 1364084, at *5 (Tex. App.–Corpus Christi June 9, 2005, no pet.) (mem. op.) (noting that the best interest of the child is the ultimate or controlling issue when addressing questions of conservatorship and possession). In the present case, the trial court's order unambiguously sets forth the ground for its ruling. We conclude that there was no harm because, under the circumstances of this case, Garcia was not forced to guess the reasons for the trial court's order. Indeed, on appeal, Garcia contends that

10

the name change was not in R.E.G.'s best interest, without the benefit of the trial court's findings of fact. Accordingly, we conclude that the appellate record affirmatively demonstrates that Garcia was not harmed by the trial court's failure to file findings of fact and conclusions of law. *See id.* We overrule Garcia's third issue.

## IV. CONCLUSION

Having overruled all of Garcia's issues on appeal, we affirm the trial court's judgment.

ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and
filed this the 12th day of November, 2009.

11